T. C. THORNTON et al. *vs.* THOMAS S. DABNEY.

Towns was not a party to this suit, and was a competent witness, unless interested in the result. There was no proof that the plaintiffs in error entered into the agreement sued on at the request of Towns; on its face the agreement negatives such an idea, and appears to be an original, independent contract, between D. and plaintiffs in error, upon some consideration passing between them. Without proof that it was made by them at the request of T., the relation of principal and surety did not exist between him and plaintiffs in error. He was not interested in the event of this suit, and his evidence was improperly rejected.

An extension of time by a creditor to a principal, to effect the release of a surety, must be for a definite, fixed period, on a sufficient consideration, and without the consent of the surety.

IN error from the circuit court of Hinds county; Hon. George Coalter, judge.

A sufficient statement of the case appears in the opinion of the court.

*Adams & Dixon*, for appellants.

If Towns had any interest it was equally balanced, and he was a competent witness. 1 Phil. Ev. 66; *Hunt* v. *Chambliss*, 7 S. & M. 532; *Williams* v. *Miller*, 10 Ib. 139.

Sureties will be exonerated from their responsibility by any agreement without their consent, between the principal and creditor, affecting their rights; and it is immaterial whether such alteration be for the benefit or prejudice of the principal. *United States* v. *Tillotson*, Paine's C. C. R. 305, 306, 320, 321, 328, 329, 333; 4 S. & M. 165; 6 Ib. 433; 10 Ib. 433; *Miller* v. *Stewart*, 4 Wash. C. C. 26; 10 John. 180; *Perry* v. *Clark*, 5 How. 495; 2 S. & M. 17.

*J. J. Davenport*, for appellants.

Towns was a competent witness. His contract was sepa-

rate, and entirely different from the agreement of plaintiffs in error.

*A. L. Dabney,* for appellee,
Cited *Hovill* v. *Stephenson,* E. C. L. R. 516; 1 Starkie, 118; *Payne* v. *Commercial Bank of Natchez,* 6 S. & M. 24.

*Guion & Baine,* for appellee,
Cited 1 How. 310; Ib. 104; *Edmonson* v. *Machell,* 2 T. R. 4; *Selser* v. *Ferriday,* 4 How. 519.

Mr. Justice YERGER delivered the opinion of the court.

Error from the circuit court of Hinds county. Defendant in error brought suit upon an agreement in the following words:

" Received, January 10th, 1845, at Jackson, of Mrs. Sarah R. Mount, sundry articles of furniture, to be sold at auction or private sale, in ten days from this date, for cash, and the proceeds thereof to be paid over to Thomas S. Dabney or bearer; the said furniture having been priced, and amounting in the whole to the sum of $766 $\frac{42}{100}$, but should the said furniture be disposed of sooner, the amount is to be paid over as above by me.

" (Signed)        .         JAMES M. TOWNS."

" We, the undersigned, do hereby bind ourselves to see that the above named furniture is disposed of, and the proceeds thereof be paid over in ten days from this date to Thomas S. Dabney or bearer, and should the said furniture not sell for $766 $\frac{42}{100}$, we bind ourselves to make up the amount, and pay the same to him or the bearer, in ten days from this date, so that the said Thomas S. Dabney or bearer shall receive the sum of $766 $\frac{42}{100}$.

" (Signed.)           JAMES J. B. C. THORNTON,
                       THO. C. THORNTON,
                       NORMAN W. CAMP,
                       E. MOODY, security."

Moody filed a special plea, to the effect that time had been given to Towns to sell the furniture without his consent,

Thornton et al. *v.* Dabney.

whereby he was released. On the trial, Towns, who was not sued, was offered as a witness to prove that Dabney had been paid. His evidence was objected to, the objection sustained, and a bill of exceptions taken by defendants. The defendants read to the jury a letter from Dabney to Tho. C. Thornton, in reply to one from Thornton, dated 20th January, 1845, requesting a few days further time to sell the furniture, in which Dabney agreed to give a week or ten days' time for that purpose. Defendants also offered to read an agreement of 24th February, 1845, between the Thorntons and W. H. Mount, by which the Thorntons agreed to pay for Mount until the furniture was sold, at the rate of $25 per month, for $600 towards the rent of the Washington house, rented by Mount of Dabney, and also to prove that they had paid $25 of this sum, which had been received by Dabney. This agreement recited that it was made to get time to sell the furniture. This proof was objected to by the plaintiff, and the evidence rejected, to which defendants excepted. The jury rendered a verdict for plaintiff, and a motion for a new trial was made and overruled..

1. Towns was not a party to this suit, and was a competent witness unless interested in the result. The record purports to contain all the evidence in the cause, and from all that appears therein, Towns was, in our opinion, a competent witness. There was no proof that the plaintiffs in error entered into the agreement sued on at the request of Towns. On its face the agreement negatives such an idea, and appears to be an original independent contract between Dabney and plaintiffs in error, upon some consideration passing between them. Without proof that it was made by them at the request of Towns, the relation of principal and surety did not exist between him and the plaintiffs in error. 13 S. & M. 299. In this view of the case, he was not at all interested in the result of the suit. We therefore think his evidence should have been received.

2. Looking upon the agreement in this light, we do not think the court erred in rejecting the agreement between the Thorntons and Mount, dated 24th February. In our opinion, no postponement of the sale of the furniture at the request of

the Thorntons, would have released Moody from liability, unless Moody bore the relation of a surety to them in this contract; and if such be their respective position towards each other, we do not think the proof received or that rejected made out a case exonerating Moody. An extension of time by a creditor to a principal to effect the release of the surety, must be for a definite fixed period on a sufficient consideration, and without the consent of the surety. In this case, the proof shows that the extension given for the sale of the furniture, at Thornton's request of 20th January, was entirely gratuitous, without consideration, and did not legally bind Dabney to delay for a single day. The agreement between Mount and the Thorntons of 24th February, if Dabney be in any way connected with it, was not for any fixed period whatever. It was a mere stipulation to pay a sum of money, at a certain rate per month until the furniture was sold, but did not bind Mount or Dabney to wait a day for its sale. Dabney could have sued immediately on the agreement in this case.

But for the rejection of Town's evidence, the judgment must be reversed and the cause remanded.