LOVE, SUPERINTENDENT OF BANKS, *v.* CLARK.

(Division A. Jan. 7, 1935.)

[158 So. 484. No. 31477.]

**H. P. Heidelberg**, of Pascagoula, for appellant.

Chas. E. Clark, of Ocean Springs, for appellee.

760

**Cook, J.,** delivered the opinion of the court.

J. S. Love, as superintendent of banks, instituted this suit in the circuit court of Jackson county against the appellee, Charles E. Clark, on a promissory note for the principal sum of two hundred dollars, payable to the Farmers' & Merchants' State Bank of Ocean Springs, Mississippi, now in liquidation, and signed by J. P. Edwards as maker, and indorsed by the appellee. Upon the trial of the cause there was a verdict and judgment in favor of the appellee, from which the superintendent of banks perfected an appeal to this court. Thereafter, in pursuance of the provisions of chapter 146, Laws 1934, the chancery court of Jackson county appointed T. W. Milner as receiver of said defunct bank to supersede the superintendent of banks in the liquidation thereof, and directed the receiver to prosecute the appeal herein. Thereafter by proper order in this court the said Milner was substituted as appellant herein.

To the declaration filed in the court below, after a demurrer was overruled, the appellee filed a special plea, alleging, in substance, that the note sued on was indorsed by the appellee for the accommodation of the maker and merely as a surety for him, which fact was then well known to the said Merchants' & Farmers' State Bank;

that, after the maturity of said note, the said bank was urged by the appellee to proceed with the collection thereof, and was requested to surrender to him the possession of said note, with authority to take steps to enforce its collection; that, as bearing upon the ability of the maker, J. P. Edwards, to pay the note, and as a reason for urging that said note be collected, and that appellee be permitted to proceed to enforce the collection thereof, appellee called to the attention of the officers of the bank the fact that, on account of habits of dissipation, the maker of the note was likely to lose his position as postmaster of Ocean Springs, Mississippi, from which he received a substantial income; but that the bank insisted on handling the matter in its own way, and advised the appellee that arrangements had been made for the payment of the note in monthly installments, and that the time of payment was extended from time to time until the maker of the note did, in fact, lose his position and become insolvent and unable to pay the note and until he had secured a discharge in bankruptcy.

The plea further alleged that on account of the arbitrary handling of the matter by the officers of the bank, their refusal and neglect to heed his warnings, their assurance that arrangements had been made for settlement of the note, and their long silence about the payment or renewal thereof, the appellee was finally lulled into a sense of security and safety, and was led to believe that the note had been paid, or that he would no longer be looked to for the payment thereof, and was led to desist from his efforts to collect it, and that by reason of these facts he was discharged from further liability on said note.

To this special plea a demurrer was interposed and overruled. A replication thereto was then filed, and, upon the evidence offered at the trial, the cause was submitted to the jury under an instruction for the appellee which authorized a verdict in his favor if the

facts were found to be in substantial accord with the averments of the special plea.

There is no contention that the notice required by section 2957, Code 1930, to relieve a surety or accommodation indorser from liability, was given by the appellee. It is expressly provided by that statute that no notice except one in writing shall be effective to relieve a surety or indorser from liability, and that no act of a creditor shall constitute a waiver of such notice in writing.

The special plea of the appellee, as well as his instruction to the jury, proceeded upon the theory that he was relieved from liability by reason of indulgences granted to the maker of the note by the holder thereof; but there was no averment in this plea and no proof that the alleged forbearance and indulgences were for a definite period or were supported by any sort of consideration. In the case of Thornton v. Dabney, 23 Miss. 559, it was held that "an extension of time by a creditor to a principal to effect the release of a surety, must be for a definite fixed period on a sufficient consideration, and without the consent of the surety." In Brown v. Prophit, 53 Miss. 649, the court in effect held that no forbearance or indulgence will release a surety except one granted for a consideration passing to the creditor. In that case it was held that: "An agreement between the holder and principal maker of a note that the latter may retain the sum due for a definite period of time, upon his promise to pay usurious interest, will discharge a surety on said note not consenting to such contract of forbearance," and "A contract between the creditor and principal debtor to forbear for some definite period, in consideration of the payment of usurious interest, releases the nonconsenting surety, whether the interest is paid or not; but in the absence of such a contract, payment of the stipulated interest will not discharge the surety, even though, because of such payment, the creditor continues his indulgence to the debtor."

We conclude, therefore, that the facts alleged in the special plea presented no defense to the suit, and that the demurrer should have been sustained; consequently, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.