## MACKAY AND McDONALD v. DODGE & McKAY, SUR-VIVORS, &C.·

1. A surety has the right to stand upon the precise terms of his contract, and any alteration made, without his consent, either in the terms of the original agreement or mode of performance, will exonerate him from liability.

2. When two parties agree to leave certain matters in dispute between them, to the award of certain persons, who are named, and subsequently a third person becomes surety for one of the parties, that he will perform the award which may be made against him on the submission; and afterwards, and without the consent of the surety, an agreement is made that other persons may be substituted in place of such of the arbitrators as fail to attend, and accordingly two others are substituted, but a majority of the original referees act, and make an award : held, that this was such an alteration of the original contract as absolved the surety from liability on the award so made.

ERROR to the Circuit Court of Barbour.

This was an action of covenant by the defendants against the plaintiffs in error, upon the following instrument :

" John Mackay as principal, and Hugh McDonald as security, bind themselves, and agree to give their promissory note, payable to Dodge, Kolb & McKay, twelve months from the date hereof, for whatever sum the abitrators, chosen this day, by Dodge, Kolb & McKay and John Mackay, to settle and determine certain matters in controversy between them, may decree, which sum is to be added to the sum of two notes payable to Kolb & McKay, and the lawful interest on the same, which two said notes are now in suit in Charleston, S. C.; and also ac-

counts between Dodge, Kolb & McKay and John Mackay, which are in suit in Charleston, S. C., and the said Dodge, Kolb & McKay and Kolb and Mackay agree to stand to, abide by and perform whatever matter may be the award of said arbitrators. Given under our hands and seals, this 19th December, 1840.

JOHN MACKAY,      (seal.)

HUGH MCDONALD,      (seal.)

DODGE, KOLB & MCKAY, (seal.)
    by David C. Kolb,

KOLB & MCKAY,      (seal.)
    by David C. Kolb."

The declaration consists of three counts, to which the defendants demurred separately, and were by the court overruled.

On the trial, as appears by a bill of exceptions, the plaintiffs proved, and read in evidence, the following instrument: "Know all men by these presents, that David K. Dodge, David C. Kolb and Angus McKay, merchants and partners in trade under the firm of Dodge, Kolb & McKay of the city of Apalachicola, Florida, and John Mackay, merchant of the town of Irwinton, have agreed to submit a certain demand made by the said Dodge, Kolb and McKay against the said John Mackay, which is hereunto annexed, and a certain demand made by the said John Mackay against the said Dodge, Kolb & McKay, which is also hereunto annexed, to the determination of John Hart and Joshua H. Dansforth, chosen by Dodge, Kolb & McKay, and Seldon S. Walkley and LaFayette Stowe, chosen by the said John Mackay, the report of whom, or the major part of whom, being made as soon as may be to any court of record of said county, (if the amount awarded against either should exceed fifty dollars,) if not to any justice of the peace of said county, judgment thereon to be final. And if either of the parties shall neglect to apppear before the referees after the proper notice given of the time and place appointed by the referees for hearing the parties, they shall have power to proceed *exparte*.

DODGE, KOLB & MCKAY, (seal.)
    by D. C. Kolb.

JOHN MACKAY,      (seal.)

Also the following agreement: "It is hereby agreed by and between John Gill Shorter, attorney for Kolb & McKay and

Dodge, Kolb & McKay, of Apalachicola, Florida, and Francis. S. Jackson, attorney for John Mackay, of Irwinton, Alabama, that in case the arbitrators, or either of them chosen by the said parties aforesaid, to settle certain matters in dispute as set forth in a certain agreement, dated 19th December, 1840, should refuse, or fail to attend upon said abitrators, that then the said party or parties may forthwith choose another arbitrator or arbitrators, who shall proceed to arbitrate the matters in dispute according to said agreement aforesaid, and that the award of the arbitrators so chosen, shall be as good and binding as though it had been made by the arbitrators first chosen. And it is hereby agreed further, that the testimony of John N. Cummings, taken and signed and sworn to, before a justice of the peace at Apalachicola, Florida, shall be read to prove the debts against John Mackay in account rendered as cash, 1st June, 1838, and also up to June 1st, 1839, and it is further agreed that the said Mackay shall have time to send for the letter of Dodge, Kolb & McKay, and the account in their favor, both of which are now in the hands of his attorney in Charleston, S. Carolina, provided he obtains them. within nine days from this date, 6th January, 1841.

JOHN MACKAY,

By F. S. JACKSON,

J. G. SHORTER,

Atto. for Kolb & Mackay and

Dodge, Kolb & McKay.

The plaintiff proved that this paper was executed by Jackson as attorney for John Mackay, but that he was not the attorney of McDonald, and that Mackay assented thereto. The plaintiffs also read an award in the following terms:

We, the arbitrators, having examined the accounts of John Mackay against Dodge, Kolb & McKay, and the accounts of Kolb & McKay, and Dodge, Kolb & McKay against John Mackay, find said John Mackay indebted to Dodge, Kolb & McKay, and Kolb & McKay in the sum of four hundred and two dollars, fifty-nine cents, upon the 1st February, 1841.

JOHN HART,　　　(seal.)

L. N. BROUGHTON, (seal.)

L. F. STOWE,　　(seal.)

V. R. TOMMEY,　　(seal.)

J. H. DANSFORTH, (seal.)

To the reading of all which to the jury, as evidence, the defendant, by his counsel objected, but the court overruled the objection, and the defendant excepted.

The jury found a verdict for the plaintiff for two thousand two hundred and ninety-seven dollars ninety-nine cents, for which the court rendered judgment.

The defendant assigns for error.

1. The overruling the demurrer to the several counts of the declaration.

2. The matter of the bill of exceptions.

MEEK, for plaintiff in error. The declaration is clearly bad; as the covenant between the parties was altered in a material part, the action should have been on the subsequent parol contract. [McVoy v. Wheeler, 6 Porter; 201.]

The change made in the agreement to arbitrate without the consent of McDonald, the surety, is not binding on him, and the award of persons by whose decision he had agreed to be bound, creates no liability on him.

SHORTER and BUFORD, contra.

ORMOND, J.—The objection to the declaration cannot prevail. This cause was here at the last June term, brought by the present defendants in error against the present plaintiff in error, when it was held that the declaration was sufficient, and whatever may be its merits or demerits, it cannot now be enquired into, as the previous decision, affirming its sufficiency, is the law of this case.

The question upon the bill of exceptions is, whether McDonald, the surety, is bound by the award made by the abitrators selected pursuant to the parol agreement entered into by the attornies of the parties.

A surety has the right to stand upon the precise terms of his contract, and any alteration made without his consent, either in the terms of the original agreement, or in the mode of performing it, will exonerate him from liability.

Here the surety was bound that Mackay should perform an award made by certain persons agreed on in an arbitration bond which had been executed previously on the same day, between

the defendants in error and Mackay, his principal; and as the principal would not have been bound by an award made by persons not agreed on in the submission, without his consent to such change, neither is the surety. His obligation was to secure the performance of an award made by certain designated referees; the effect of the alteration made without his consent is to make him liable for an award made by persons, only a part of whom were those originally selected. It is not important that a majority of those who made the award, were the same persons agreed on. It is impossible to know but that one of the substituted referees may have influenced the judgment of the rest. It is not, however, necessary that it should appear that the surety has been injured necessarily by the alteration, nor would it make any difference if it was evident that he was to be benefitted by it. It is a sufficient answer that it is not the contract for the performance of which he was surety.

The case of Whicher v. Hall, [5 B. & C. 269,] affords a strong illustration of the tenacity with which this principle is adhered to. The facts were, that the defendant was surety for another to the plaintiff for the milking of thirty cows, at seven pounds ten shillings each per annum; subsequently an agreement was entered into without the consent of the surety, that the hirer was to have twenty-eight cows for one half the year, and thirty-two for the residue. The court held that this was a new bargain, which was not binding on the surety, who had a right to insist on a literal performance of the original contract. That there might be but little difference between the two contracts, but that the true question was, whether the contract sought to be enforced against the surety, was the one for the performance of which he was bound.

This case may have been pushed to the verge of propriety; but it places in a strong point of view the inflexibility of purpose with which the rule, that no change shall be made in the terms or mode of performance of a contract, without the consent of the surety, is adhered to by the courts.

The award made in this case not being such as the surety, was bound by the terms of his contract for the performance of, no action can be maintained upon it against him, and it therefore becomes unnecessary to consider the other questions made at the bar.

Let the judgment be reversed, and the cause remanded.