## HADEN et al., Ex'rs, vs. BROWN.

1. Where, by agreement between the creditor and principal debtor, founded on valuable consideration, the day of payment of a bill or note is postponed, it is such an alteration of the contract as discharges the surety, without regard to the time of the extension, or whether it has operated to the prejudice of the surety or not.

3. Where a creditor has taken a deed of trust from the principal debtor to secure the payment of his demand, the surety is not discharged by the refusal of the creditor, on request, to sell the property conveyed by the deed.

Error to the Circuit Court of Tuskaloosa.

This was an action against the defendant in error as the endorser of a bill of exchange, drawn and accepted by Donoho & Payne, dated the 2d of June 1840, and payable at twelve months after date. The defendant filed several pleas to the declaration, one of which is the following: "*Actio non*," &c., because he says that he endorsed the said bill for the accommodation and as the mere surety of the drawers thereof, and without any other consideration whatever, of which the testator of the said plaintiffs had notice; and the defendant avers that afterwards, when said bill had become due and payable, the said testator, in his life time, upon a new and valuable consideration to him moving from the said drawers, did grant to the said drawers day of payment, did extend the time for and postpone the collection of said bill in consideration thereof, without the consent of this defendant." To this plea the plaintiffs demurred, but the demurrer was overruled.

Upon the trial, it appeared that, on the 23d day of Sept. 1842, the drawers of the bill executed a deed of trust, whereby they conveyed to certain trustees property, both real and personal, in trust to secure the payment of said bill of exchange, and it was stipulated that the grantors should retain the possession of said property until the plaintiff's testator, who was the holder of the bill and a party to the deed, should in writing require the trustees to sell. The defendant agreed in writing on the back of this deed that he would continue liable, as endorser of said bill, notwithstanding the day of payment had been extended. Another deed of trust was also read in evidence, bearing date the 24th day of June 1843, executed by the draw-

ers to the same trustees, whereby they conveyed their interest in a steamboat, for the purpose of securing the payment of said bill, and which stipulated that the grantors should retain the possession of said boat until the first of March 1844, after which the plaintiffs' testator was authorised to require the trustees to sell for the purpose of paying the bill. To this deed, also, the plaintiffs' testator was a party.

It was proved that the defendant, after the making of the first deed and before the execution of the second, gave the testator notice to sell the property conveyed, or he would not continue liable as endorser. The sale under the first deed did not take place until the year 1846, and the property in the meantime had deteriorated in value. It was also shown, that in October 1843, the drawers of the bill agreed with the testator, the holder, to carry any goods on the steamboat, conveyed by the second deed, he might wish to have conveyed, and that the freight thus earned might go as a credit on the bill of exchange, and that under this agreement $1,914 had been paid on the bill, that being the amount due by the testator to the boat for freight. Under this evidence the plaintiffs requested the court to charge the jury, that inasmuch as the defendant, by his agreement on the back of the first deed, had consented that the testator might indulge the drawers as long as he might choose, he could not by notice compel the testator to sell the property conveyed by the first deed before taking the second, and that the taking of the second deed, after the alleged notice, was no bar to this action. This charge the court refused to give, and instructed the jury that although no time was expressed when the first deed of trust was to be closed, yet it must be so construed as that it was to be closed within a reasonable time, and what was a reasonable time, must be determined by them; and if they believed that after such reasonable time and before the taking of the second deed, the defendant gave the plaintiffs' testator notice to sell the property conveyed by the first deed of trust, and the testator neglected to do so, but took the second deed, without the defendant's consent, then the defence was made out, and that they should find for the defendant. To the ruling of the court on the demurrer, its refusal to charge as requested, and to the charge given, the plaintiffs excepted, and now assign them as error.

Peck, for the plaintiffs.

Ormond and Nicholson, for the defendant.

DARGAN, C. J.—It is contented that the plea, which was demurred to, is insufficient, inasmuch as it does not show how long, or to what particular time the payment of the bill was agreed to be postponed. But we think that this objection cannot be sustained. A security has the right to stand on the precise terms of his contract, and is discharged, if those terms are altered without his consent, whether the alteration consists in the amount of the obligation, or the time, or manner of performing it.—McKay et al. v. Dodge et al., 5 Ala. 388; Bang et al v. Strong, 7 Hill, 250. Nor is it material whether such alteration is prejudicial to the security or not. The only question is, whether the contract has been changed without his consent, and if it be found that it has been, the security is discharged; for never having assented to the new contract introduced by the change, he is not bound thereby. Testing the plea by this rule, we think it is substantially good. It avers that for a valuable consideration moving from the drawers of the bill to the plaintiffs' testator, who was the holder, the day of payment was postponed. If so, the contract was changed, and the defendant discharged, unless he assented to the alteration. It may be true, that an agreement between the principal debtor and the creditor, which does not stipulate for any precise time, but leaves the legal right in the creditor to sue for, or demand the money due by the contract, at any moment, does not work a change of the contract as to the time of payment. But when the day of payment is postponed by an agreement founded on a sufficient consideration, then it cannot be said that the time of payment has not been altered.

2. The instructions given by the court to the jury cannot be sustained. It is manifest that a creditor may take collateral security to secure his debt, without altering the original contract, or affecting the liability of the security. Nor can the security claim to be discharged because the creditor will not, at his request, proceed to convert such collateral security into money, although the property should be depreciated in value in consequence of his neglect to sell.—Branch Bank at Montgomery v. Perdue, 3 Ala. 409, and cases there cited. But it is urged that

the evidence shows that the time of the bill was extended by the plaintiffs' testator, without the consent of the defendant, and, therefore, the defendant is discharged; and on this ground the instructions of the court can be sustained. We are, however, clearly of the opinion that no question in regard to the extension of time is raised by the evidence, as it is now presented to us. If we were to admit that the first deed of trust, in connection with the defendant's written consent on the back thereof to the extension of time contemplated in consideration of the deed, was evidence tending to prove that the day of payment of the bill was agreed to be postponed thereby, still the defendant's assent to such delay of the payment would prevent his discharge from liability, and he would still be bound as endorser; for he expressly agreed that he would be. And the second deed of trust, upon its face, does not show that it was the agreement between the parties thereto, that further time was agreed to be given. It simply shows that the grantors intended to secure the payment of the bill and to retain the possession and control of the property until it should be sold, according to the provisions of the deed. But this deed, independent of all other evidence, does not, and cannot raise any question as to the extension of the day of payment of the bill. It may, however, be, that upon another trial, it will appear that the extension of the day of payment formed an ingredient in the consideration of the second deed, and if so, the question will arise whether the taking of the second deed, extending the time of the payment of the bill, will discharge the defendant, he having consented to such delay as was contemplated, in consideration of the first deed. But this question is not raised for our revision at this time, and, therefore, is not considered. The only question, as we conceive, that is raised by the instructions of the court, is this, whether the refusal of the plaintiffs' testator to sell the property conveyed by the first deed, before taking the second, discharged the defendant from his liability, and we are clearly of the opinion that it did not; for a security cannot compel a creditor to take proceedings against property conveyed in trust to secure the debt, nor claim to be discharged because the creditor refuses to do it.

The judgment must be reversed and the cause remanded.