## PRESIDENT OF THE BOARD OF POLICE OF CLARKE COUNTY v. WILLIAM COVINGTON et al.

It is well settled, that to discharge a surety on account of indulgence granted to the principal, the indulgence must be for a definite period of time, founded on a new consideration.

There must be a new contract concluded between the creditor and the principal debtor, by which the former is prevented for a [indefinite] period of time from suing the latter, in order to release the security.

Indulgence in this case could not have been granted in any other manner, than by taking a new note from the principal debtor, which was never done.

IN error from the circuit court of Clarke county; Hon. John Watts, judge.

The president of the board of police of Clarke county, brought suit upon a note executed to the board of police of said county, by James Vance with William Covington, Alexander Trotter, and Robert Collins, as securities on it. Vance died, and his estate proved insolvent, and suit was instituted against his sureties on the note, who claim that they, as sureties, are discharged by means of the indulgence granted by the plaintiff, without the consent of the parties, to the principal debtor.

It was in proof that Vance, during the pendency of the suit, sent a note to the board of police on one Carr, and proposed, that if the board would grant him, Vance, further indulgence and dismiss the suit that had been commenced, that the board should take the Carr note and credit the amount on his note, otherwise to return the note on Carr to him, Vance. That the board of police received the Carr note, and the suit was then agreed to be dismissed at the next term of the circuit court, and an order was to be made in relation to dismissing that and other suits. This was about November, 1843. The witness further says, he had a conversation with said Trotter about that time, and that Trotter then expressed a desire that the board would press the suit against Vance, and collect their money; that Vance was then solvent, and the money could have been made out of him. That no specific length of time was agreed to be given to Vance by way of indulgence; but from the custom of the board he understood that Vance would not be sued, at least until after the next regular time of paying interest, which was six months. Defendant then read the following order of the board of police, passed November 17, 1843. " At a term of said police court, begun on Tuesday, the 14th November, 1843. Ordered by the court, that all the actions brought by the president of this court on notes of the three per cent. fund, be withdrawn by the principal coming forward and paying cost and interest, and renewing their notes, and that this order be posted up at three of the most public places of the county."

The defendants also read the record of the dismissal of the suit upon the note here sued upon, and the record from probate court showing the estate of Vance declared insolvent.

The jury found for the defendant, and the plaintiff prayed a writ of error to this court.

*Freeman* and *Dixon* for appellant.

The promise to indulge was too indefinite to bind, that was therefore nugatory. *Alcock* v. *Hill,* 4 Leigh, 626.

No new security was taken. No bonus paid for the indulgence, and therefore any promise of indulgence by the plaintiff was void. Burge on Suret. 204; *Leavitt* v. *Savage,* 4 Shep. 72; *Bailey* v. *Adams,* 10 N. Hamp. 162; *Joslyn* v. *Smith,* 13 Vt. 353; 6 S. & M. 24; *Newell* v. *Hamer,* 4 How. 684; 8 Mo. R. 49; Ib. 316; *Carman* v. *The State,* 4 Blackf. 241; Ib. 367; 13 Ohio, 84.

Some cases go so far as to say, that although the security was urging the speedy collection of the debt from the principal, mere delay will not release them. *Dennis* v. *Rider,* 2 McLean, 451; *Leavitt* v. *Savage,* 4 Shep. 72.

*Dawson* and *Glenn,* for appellees,

This case falls within the exceptions laid down in *Rupert* v. *Grant,* 6 S. & M. 647; 7 Ib. 522.

If an obligee does an act to the injury of the surety, or varies the terms of the obligation, or enlarges the time of performance, without the consent of the surety, he is discharged. 1 Law Lib. 68; 2 Dow. 540; 2 Vés. 840; 10 Johns. 557; 3 Kent; *McLamore* v. *Powell,* 12 Wheat. 554; Chit. on Bills (8th Ed.) 442, and cases; 2 Swanst. 539; 2 Hov. on Fraud, 171; 4 Barn. & Cre. 506; 17 Johns. 384; 2 S. Caro. R. 534; *Greely* v. *Dow,* 2 Met. 176; 3 Ib. 255; 2 Dess. 226.

The agreement to take Carr's note was a sufficient consideration, and is binding. *Bank U. S.* v. *Hatch,* 6 Peters, 250.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of assumpsit, brought in the circuit court of Clarke county, on a promissory note made by one Vance as principal, and the defendants in error as his securities, payable to the president of the board of police of said county.

The defence set up is, that the plaintiff below, without the knowledge or consent of the sureties, extended the time of payment to the principal debtor.

President of the Board of Police of Clarke County *v.* ·Covington et al.

The proof is, that a suit which had been commenced was dismissed by the president of the board, on the principal, Vance, delivering to the said president a note made by one Carr for $100, which was credited on the note of the defendants. It is ·not shown that the indulgence was given for any definite period of time.

Upon this state of the case a verdict was found for the sureties, upon which the court pronounced the proper judgment.

The law is well settled, that to discharge a surety on account of indulgence granted to the principal, the indulgence must be for a definite period of time, founded upon a new consideration.

There must be a new contract concluded between the creditor and the principal debtor, by which the hands of the former are tied for a definite period of time, from suing the latter. No such contract is shown in this case.

The case may, however, be safely rested upon another ground. It is not pretended that the board of police made any contract, or assented to any indulgence on the terms set forth in the record. The order on this subject is in these words: " At a term of said court, begun and held on Tuesday, the 14th November, 1843, ordered by the court, all the actions brought by the president of this court on notes of three per cent. fund, be withdrawn, by the principal coming forward and paying costs and interest, and renewing their notes." The president had no power to grant indulgence to the principal, otherwise than by taking a new note, as specified in this order. This was not done, and hence no contract was made which can bind the board of police.

The judgment extending the demurrer to the declaration reversed. Final judgment reversed, and cause remanded for a new trial.