FREELAND & MURDOCK, Appellants, *v.* THOMAS A. COMPTON et al., Appellees.

1. CONTRACT: ASSENT OF PARTIES.—The mere authority of a principal to his agent, to settle a debt in a particular way, is not a satisfaction of it: the agent and debtor must come to an agreement, in order to make it binding and conclusive.
2. SURETY: DELAY IN PAYMENT, WHEN IT WILL RELEASE.—In order that the delay granted by the creditor to the principal debtor, shall have the effect of discharging the surety, it must be shown, first, that the delay was granted upon such a consideration as would create a binding contract upon the creditor, tie up his hands, and prevent him from proceeding to the collection of his debt: and second, that the delay agreed upon, should be for a definite period, and not determinable at the option of the creditor. See *Newell* v. *Hamer*, 4 How. 684; *McGee* v. *Metcalf*, 12 S. & M. 533.

APPEAL from the District Chancery Court at Natchez. Hon. B. C. Buckley, vice chancellor.

Freeland & Murdock, the appellants, filed their bill in the District Chancery Court at Natchez, against Thomas A. Compton, John M. Pintard, and John Payne, by which they sought satisfaction of a judgment rendered in the Circuit Court of Jefferson county against the said defendants, in 1839, in favor of the Com-

mercial Bank of Rodney, for $817, and costs; and which had been assigned to them by the said bank, with its other assets, for the benefit of creditors. They showed, that after the assignment, the bank had been ousted of its franchises by *quo warranto*, and that it was now dissolved. *Pro confesso* was taken as to Compton, and the bill dismissed by complainants as to Payne; the process against him being returned "not found." Pintard demurred to the bill, and his demurrer was overruled; and he then answered, insisting, among other things, upon his discharge from said judgment, on two grounds. First, that the judgment had been paid by Compton: and second, that he was merely surety for Compton; and that the bank, for a valuable consideration, had granted indulgence to said Compton, in the payment of the judgment, without his consent. On the first point, the proof was the admissions in the answer of complainants to defendant Pintard's cross-bill, to the effect, that the board of directors of the bank had passed a resolution authorizing Freeland, their president, to settle the debt sued on; and another for about $2200, with defendant, Compton, by receiving from him his stock in the bank, to the amount of $3000, at its par nominal value. That Freeland and Compton attempted a settlement; but that Compton claimed, in addition to the $3000, to be allowed five per cent,—the amount of dividend which had accrued on the stock—insisting that this was included in the par nominal value: this Freeland declined, but offered to accept the stock at $3000, which Compton refused; and the negotiation was thereupon broken up. On the second point the proof was, that Compton was indebted to the bank on other debts, besides the two just mentioned, to the amount of $4972, and that he paid the same by a draft of a Mrs. Nutt on the bank, for $5000; and the statement of Lawton, the cashier of the bank, directed to the sheriff of Jefferson county, in which he recites the settlement of the debt as above stated, and says: "On which arrangement, all the remaining executions in favor of the bank, against said defendants, are stayed until further orders;" and the returns of the sheriff of that county, on various executions issued on the judgment now in controversy, that they were held up by order of plaintiffs.

It was also shown that Pintard was the surety of Compton.

The court below dismissed the bill as to Pintard, and complainants appealed.

*Yerger* and *Murry*, for appellants.

*J. Winchester*, for appellees.

PER CURIAM.—1. As to the ground of defence in this case, based upon the settlement of the debt, sought to be enforced in the bill, by means of the stock held by Compton in the Commercial Bank of Rodney, the allegations of the cross-bill of Pintard, showing this settlement, are fully denied by the answer of the complainants. It appears that Compton and the president of the bank differed as to the par nominal value of the stock which was to be allowed in the settlement; Compton claiming allowance for five per cent. above its par nominal value, by reason of supposed profits accrued upon it, for which it would be entitled to a dividend, when a dividend of profits should be declared; and the president refusing to receive the stock in settlement on those terms. In consequence of this disagreement, the stock was never surrendered or transferred, in payment of the debt; and whether Compton or Freeland was right, in the view taken by them respectively of the value at which the stock should be taken in the settlement, is immaterial. It is sufficient that the settlement was never made; and therefore it cannot be held as a payment and discharge of the debt in controversy.

2. In order to give to the stays granted by the plaintiff on the executions against Compton, the effect of discharging Pintard, his surety, two things are well settled in this court, as necessary to be shown: First, that the stay was granted upon such a consideration as would create a binding contract upon the plaintiff, which which would tie his hands, and prevent him from proceeding with his execution; and second, that the stay should be for a definite period.

Conceding that the evidence is sufficient to show a consideration—which we think is not the case—it is clear that the execu-

tions are not shown to have been stayed for any fixed period, or that the plaintiffs might not, at any moment, have proceeded to issue and enforce a new execution. *Newell* v. *Hamer*, 4 How. 684; *McGee* v. *Metcalf*, 12 S. & M. 533.

Decree reversed, and decree for the complainants in this court ordered.