## COX *vs.* MOBILE & GIRARD RAILROAD COMPANY.

[ACTION ON PROMISSORY NOTE, BY ENDORSEE AGAINST MAKER.]

1. *Discharge of surety by new contract between creditor and principal debtor.* A new contract between the creditor and the principal debtor, made without the consent of the surety, and founded upon valuable consideration, by which the time of payment is extended, discharges the surety, although no other day of payment is fixed.

2. *Same; usury.*—An agreement by the principal debtor to pay usurious interest in future, in consideration of the creditor's promise to extend the day of payment, being void, does not discharge the surety; whether the actual payment of usurious interest by the principal, would discharge the surety, *quære?*

APPEAL from the Circuit Court of Macon.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by the appellee, a corporation chartered by the legislature of this State, against William Cox, and was founded on a promissory note for $1448 97, executed by one A. D. Cleckley and the defendant, dated the 15th April, 1850, and payable on the 1st January, 1851, with interest from the 1st January, 1850, to William M. Lampkin or bearer. The defendant filed three special pleas, each averring, in substance, that he was Cleckley's surety on the note, and that the payee, after the maturity of the note, entered into a contract with Cleckley, without the defendant's knowledge or consent, whereby, for a valuable consideration paid by said Cleckley, said payee extended the time of payment fixed by the note ; and he also pleaded usury, and the failure of the plaintiff to sue

Cleckley after due notice. On the trial, as the bill of exceptions shows, after the plaintiff had read to the jury the note which was the foundation of the suit, the defendant read in evidence the deposition of said Cleckley, who testified, in substance, that he was the principal in the note, and the defendant was only his surety; that the consideration of the note was, "cotton bought on time," and that he several times procured indulgences on the note, (not stating any particular time,) without the knowledge or consent of the defendant, by paying usurious interest. There was other evidence in the case, but it requires no particular notice.

The court charged the jury, at the instance of the plaintiff: "1. That if they believed, from the evidence, that Lampkin agreed with A. D. Cleckley, the principal in the note, to postpone the day of payment of said note; and that the consideration of said agreement was, usurious interest agreed to be paid by said Cleckley, this was not such an agreement to extend the day of payment as would discharge the surety, and they must find for the plaintiff.

"2. That if they believed, from the evidence, that there was an agreement between Lampkin and Cleckley, the principal, to extend the day of payment of said note after its maturity, and that there was no definite period of extension agreed on, then the surety was not discharged, and they must find for the plaintiff."

The defendant excepted to these charges, and then requested the court to give the following charge: "The surety has a right to stand upon the terms of his contract; and if there was an agreement entered into by Lampkin, while he was the owner of the note, with Cleckley, the principal, upon a valuable consideration, either paid, or agreed to be paid by Cleckley to Lampkin, to postpone the day of payment beyond that fixed by the note, (no definite time being agreed upon,) without the defendant's consent, such extension of payment discharged the defendant, and the jury must, in that event, find for the defendant." The court refused this charge, and the defendant excepted.

The charges given by the court, and the refusal of the charge asked, are now assigned as error.

Wm. P. Chilton, and Geo. W. Gunn, for appellant.— 1. An extension of the day of payment, by agreement between the creditor and the principal debtor, founded upon valuable consideration, and made without the consent of the surety, discharges the surety from all liability, irrespective of the length of time.—*Haden v. Brown*, 18 Ala. 641 ; *McKay & McDonald v. Dodge & McKay*, 5 Ala. 388 ; *Rathbone v. Rathbone*, 10 Johns. 597 ; *King v. Baldwin*, 17 Johns. 384 ; 7 Hill, (N. Y.) 250 ; 2 Stew. 63 ; Theobald on Principal and Surety, 118, 123, 181, 184; 32 N. H. 560 ; 23 Barbour, 478 ; 6 Indiana, 128 ; 43 Maine, 381.

2. An extension of the day of payment, in consideration of the payment of usurious interest, discharges the surety. *Kyle v. Bostick*, 10 Ala. 589.

Clopton & Ligon, *contra.*—1. To discharge the surety by a new contract between the creditor and principal debtor, there must be a valid contract, founded on a valuable consideration, and for a definite period of time.—*Freeland v. Compton*, 30 Miss. 424; *Clark Co. v. Covington*, 26 Miss. 470 ; 8 Texas, 66 ; 12 Penn. St. R. 383 ; 13 Ill. 347 ; 23 Miss. 559.

2. An agreement to pay usurious interest is not a valid contract.—*Kyle v. Bostick*, 10 Ala. 589 ; 4 B. Monroe, 322 ; 31 Miss. 664.

R. W. WALKER, J.—It is said in many of the cases, that, to discharge a surety by extension of the time of payment, there must not only be a sufficient consideration, but the time of the extension must be definitely and precisely fixed.—*Gardner v. Watson*, 13 Ill. 347 ; *Parnell v. Price*, 3 Rich. L. 121 ; *Wadlington v. Gary*, 7 Sm. & M. 522 ; *McGee v. Metcalf*, 12 Sm. &M. 535 ; *Freeland v. Compton*, 30 Miss. 424 ; *Miller v. Stein*, 12 Penn. St. R. 383, 389 ; *Alcock v. Hill*, 4 Leigh, 622 ; 1 Pars. Contr. 173 ; *President*

*of Police Board v. Covington*, 26 Miss. 470 ; *Burke v. Cruger*, 8 Texas, 66 ; *Thornton v. Dabney*, 23 Miss. 559 ; *Miller v. Stern*, 2 Barr, 286.

It is undoubtedly true, that a mere indulgence, determinable at the will of the creditor, will not discharge the surety ; and it is to indulgences of this character, that the cases just cited must be held to refer.

The principle to be extracted from the authorities is, that where the creditor, upon sufficient consideration, and without the consent of the surety, makes an agreement with the principal debtor, the effect of which is to postpone the period at which the performance might have been compelled in due course of law—in other words, if, by a valid agreement, the creditor precludes himself from proceeding against the principal, after the debt is due, according to the terms of the original contract, even for a moment, the surety is discharged. And the true ground on which the surety is relieved in such cases, is the presumptive injury to him, arising from the fact that such an arrangement obstructs his right to pay up the money as soon as it is due, thereby acquiring the power of immediately pursuing the debtor, and that it otherwise impairs the remedies which the surety may find necessary for his protection. If the creditor has tied up his hands, so that he could not himself immediately pursue the debtor, then the surety could not do so, either on paying up the debt, or filing his bill *quia timet ;* for he can only be substituted to such rights as the creditor has.—*Norris v. Crummey*, 2 Rand. 323, 334–38 ; *Hunter v. Jett*, 4 Rand. 104 ; *Chicester v. Mason*, 7 Leigh, 244, 253 ; *Bangs v. Strong*, 7 Hill, 250 ; *S. C.*, 4 Comstock, 315, 325 ; *Comegys v. Booth*, 3 Stew. 14 ; *Rathbone v. Warren*, 10 Johns. 587 ; Addison Cont. 70, and cases cited ; 2 Am. Lead. Cas. 176 ; *Draper v. Romeyn*, 18 Barb. 169.

In *Haden v. Brown*, (18 Ala. 641,) it was held, that where there was an agreement, on sufficient consideration, postponing the day of payment of a bill of exchange, although it may not be shown how long, or to what particular time,

the payment is agreed to be postponed, the principle above stated applies, and operates the discharge of the surety. In support of this proposition the court said: "It is contended, that the plea, which was demurred to, is insufficient, in as much as it does not show how long, or to what particular time, the payment of the bill was agreed to be postponed. But we think that this objection cannot be sustained. A surety has the right to stand on the precise terms of his contract, and is discharged if those terms are altered without his consent, whether the alteration consists in the amount of the obligation, or the time or manner of performing it.—*McKay v. Dodge*, 5 Ala. 388; *Bangs v. Strong*, 7 Hill, 250. Nor is it material, whether such alteration is prejudicial to the surety or not. The only question is, whether the contract has been changed without his consent; and if it be found that it has been, the surety is discharged; for, never having assented to the new contract introduced by the change, he is not bound thereby. Testing the plea by this rule, we think it is substantially good. It avers, that for a valuable consideration, moving from the drawer of the bill to the plaintiff's testator, who was the holder, the day of payment was postponed. If so, the contract was changed, and the defendant discharged, unless he assented to the alteration. It may be true, that an agreement between the principal debtor and the creditor, which does not stipulate for any precise time, but leaves the legal right in the creditor to sue for, or demand the money due by the contract, at any moment, does not work a change of the contract as to the time of payment. But, when the day of payment is postponed by an agreement founded on a sufficient consideration, then it cannot be said that the time of payment has not been altered."

In the present case, the time of payment fixed by the note itself was the 1st day of January, 1851. By the original contract, to which the surety was a party, the creditor might have demanded payment on that day, and, on default of payment, might have brought suit on the note on the next day. On the facts supposed in the charge

which the court was asked to give, the creditor, without the consent of the surety, and for a valuable consideration, made an agreement with the principal debtor, whereby the day of payment was postponed beyond the 1st day of January, 1851. For a sufficient consideration, the creditor gave up his right to demand payment on the 1st January, or to institute suit on the 2d. Under his new agreement, he had not the legal right to do either of these things. It matters not that no other day of payment was specifically agreed upon by the parties. By a valid contract, the creditor's hands are tied, for at least one day; and it is sufficient for the discharge of the surety, that the creditor has, by something obligatory, deprived himself, for a single day, of the right of demanding payment and bringing suit. For as, under the supposed contract, the creditor could not have demanded payment on the 1st of January, or commenced suit on the 2d; so, the surety could not, by paying up the debt on the 1st, have acquired the right of immediately pursuing the debtor. If the agreement had been, that the day of payment of the note should be postponed to a time beyond the 8th of January, 1851, it would hardly be contended, that the surety was not discharged, although no other day of payment was specifically fixed upon by the parties. An agreement, which legally prevents the creditor, for a single day, from enforcing collection, has, as to the surety, the same effect as a contract which ties his hands for seven days. In both cases, there is a binding contract, by which the creditor is precluded from suing upon the contract, as soon as he had the right to sue according to its original terms.—*Draper v. Romeyn*, 18 Barb. 166. The decision in *Haden v. Brown, supra*, appears to be precisely in point; and, on the authority of that case, we must hold, that the charge asked should have been given.—See *Dickerson v. Board of Comms.*, 6 Indiana, 128, 134; *Fellows v. Prentiss*, 3 Denio, 512, 518, 521; 3 Leading Cases in Eq. 561, (3d ed.) and cases cited; *King v. Upton*, 4 Greenl. 387; 2 Am. Law Reg. 387.

[2.] Merely giving further time of payment to the prin-

cipal debtor, without the consent of the surety, does not discharge the latter : time must be given in pursuance of a valid contract for that purpose, which ties the hands of the creditor, so that he cannot sue if he would. The contract for further time is not valid, unless founded upon a sufficient legal consideration. A promise, on the part of the debtor, to pay usury in future, is an engagement which the law pronounces utterly void, and is, consequently, no consideration whatever for a promise by the creditor to give further time of payment. Such a contract for delay, not being binding on the creditor, does not discharge the surety. The first charge given by the court rests upon the hypothesis, that the consideration of the agreement for delay was " usurious interest *agreed to be paid* by Cleckley"—that is to say, an executory undertaking on the part of the debtor to pay usury thereafter. That such a contract does net discharge the surety, is expressly decided in *Kyle v. Bostick*, 10 Ala. 589 ; and to the same effect are *Tudor v. Goodloe*, 1 B. Mon. 322 ; *Pyle v. Clark*, 3 *ib.* 262 ; *Scott v. Hall*, 6 *ib.* 287 ; *Roberts v. Stewart*, 31 Miss. 664 ; *Vilas v. Piercy*, 1 Comst. 274, 286 ; and *Standclift v. Allen*, 14 Ver. 258.

In *Kyle v. Bostick, (supra,)* there is a *dictum*, to the effect that, " if the money had been in fact paid by the debtor, instead of a promise to pay it merely, the case would be different."—10 Ala. 595. The distinction here suggested, between an executed and an executory usurious contract—between the payment of usury in advance, and a mere promise to pay it in future—as the foundation for a promise on the part of the creditor to give further time, has been recognized and acted upon in several cases decided by the Kentucky court of appeals.— *Kenningham v. Bedford*, 1 B. Mon. 325 ; *Pyle v. Clark*, 3 *ib.* 262 ; *Scott v. Hall*, 6 *ib.* 285 ; *Patton v. Shanklin*, 14 *ib.* 15. See 2 Am. Lead. Cases, 173, 179 ; *Anderson v. Mannon*, 7 B. Mon. 218 ; *Duncan v. Reed*, 8 *ib.* 382. While these cases recognize the principle, that a promise to pay usury at a future day, is no consideration for an agreement

for an extension of time by the creditor, they hold that, if the usury is actually paid down at the time of the promise to forbear, and as the consideration for such promise, the surety will be discharged. The soundness of this distinction has been denied in New York, and it is there held; that neither the promise to pay, nor the actual payment of usury, is a good consideration for a promise by the creditor to give time; and that a contract for delay, founded on either the one or the other, does not bind the creditor, or discharge the surety.—*Vilas v. Piercy*, 1 Comst. 274, 286–7–9. None of the exceptions taken in this case distinctly present the question here alluded to, and we will not pass upon it at this time.

Judgment reversed, and cause remanded.