## COX vs. MOBILE & GIRARD RAILROAD CO.

[BILL IN EQUITY TO ENJOIN JUDGMENT AT LAW.]

1. *Bill in chancery, motion to dismiss for want of equity; allegations of, must be taken as true.*—On a motion to dismiss a bill for want of equity, the allegations, whether in the bill, or of the exhibits, which are a part of the bill, must be taken as absolutely true, unless they contradict each other, or are so made as to impair their own force.

2. *Surety on promissory note; what releases.*—The extension of the time for the payment of a promissory note, by agreement between the payee and the principal maker of the note, without the consent or ratification of the surety, discharges the surety. The actual payment of $120 extra interest, as a consideration for such agreement, is sufficient.

3. *Bill for new trial after judgment; when has equity.*—A bill for new trial after judgment at law, is not without equity, when it alleges and sets out in the bill newly discovered evidence which shows that the complainant was discharged from all liability at the date of the trial at law, but which could not then be made to appear by proof, though it existed, but of which complainant, after using all due diligence, then had no knowledge, or opportunity of knowing, and which was discovered after the trial at law.

4. *Same; diligence, what sufficient.*—When the bill shows that the complainant used such diligence to discover the new evidence, as was in his power, before the trial at law, and failed, this is sufficient diligence.

5. *Same, admission of facts by demurrer for want of equity; effect of.*—The admission, by demurrer, to the bill for want of equity, of the truth of facts which show that after the trial at law, the complainant discovered new evidence which completely established his discharge, is an admission of the fact of the discharge. Such admission is not merely cumulative evidence of the existence of the discharge, but is an admission of the fact of the discharge itself.

6. *Promissory note, past due; how transferree holds.*—The transferree of a promissory note, after it is due, takes it just as the transferror held it.

APPEAL from the Chancery Court of Macon.
Heard before Hon. N. W. COOKE.

This was a bill in equity exhibited by the appellant against the appellee, and sought to enjoin a judgment at law.

In the year 1850, appellant, as a mere surety, signed a note made by one Cleckly to one Lampkin, due January 1st, 1851. Suit was brought on this note, and resulted in a judgment against appellant, at the fall term of Macon circuit court, 1858; on appeal to the supreme court, this judgment was reversed, and a new trial was had, and judgment again rendered against complainant at the fall term, 1866, of the Macon circuit court, and it is this latter judgment which appellant seeks to enjoin, on the ground of newly discovered evidence since the trial at law, &c.

The bill alleges that complainant was only the surety of Cleckly on the note to Lampkin; that Cleckly and Lampkin, without the knowledge or consent of complainant, made an agreement extending the time for the payment of the note, after its maturity for several years, on consideration of extra interest, at $12\frac{1}{2}$ per cent. per annum, which Cleckly paid Lampkin for the extension; that at the maturity of the note, Cleckly had ample property to pay the same, but afterwards failed and became insolvent, and the note was transferred to appellee; that defendant defended the suits at law on this ground—that he " believed he would necessarily have to rely on Cleckly to establish said transactions between Lampkin and Cleckly, and did not at that time know, and had no reason to believe, that said transactions, extensions, consideration paid, &c., were known to any other person than said Cleckly, although he made diligent inquiry, and for the purposes of making him a competent witness, released him, &c.; that he then had interrogatories propounded to him, where he then resided in Georgia, which said interrogatories said Cleckly answered; but from cause unknown—probably on account of the confused business affairs of Cleckly—he answered in a manner not so clear and full as complainant had a right.to expect, from what Cleckly before that time stated to him he would prove on the trial; that a judgment was rendered against complainant in 1858, which, on appeal to the supreme court, was reversed and the cause remanded to the circuit

court; that in the meantime Cleckly had returned to, and was a resident of, Macon county, and complainant had him *subpœnaed* to appear as a witness, but that about two weeks before the trial Cleckly departed this life, so that complainant was deprived of his evidence, and judgment was again rendered against complainant; that at neither of these trials did complainant know that any one else besides Cleckly knew of these payments, indulgences, &c., nor had he any reason so to believe; that since the last trial, feeling himself aggrieved, and that great injustice had been done him, he frequently spoke of the matter among his friends and neighbors, and in this way for the first time learned that there was one among them who knew of the transactions between Lampkin and Cleckly, the indulgence granted, the consideration therefor, &c.; that on account of said indulgence, transactions, &c., complainant was released from all liability on the note, and that judgment against complainant is unjust and wrong."

Attached to the bill, as an exhibit, was an affidavit of W. A. Warsden, which, in substance, stated that he saw Cleckly pay Lampkin one hundred and ten dollars and one hundred and twenty-five dollars, in order to get the extension mentioned, and that the said Cleckly and Lampkin made the agreement and did extend the payment of the note from January 1st, 1851, to January 1st, 1855. The affiant stated in the affidavit how he happened to be present, and what occurred to impress it on his mind, and that Cox's knowledge that affiant knew anything of the transaction was accidental, growing out of a conversation Cox had about the " hardness of his case."

The chancellor, on motion, dismissed the bill for want of equity, on the ground that due diligence had not been shown; citing, on this point, *Lee & Norton v. Bank of Columbus*, 2 Ala. 20; *Taliaferro v. Br. Bank, &c.*, 23 Ala. 755; *French v. Garner et al.*, 7 Porter; *Weaver v. State*, 30 Ala. 53; and secondly, because the discovery of parol cumulative testimony to a fact that was in issue in the trial at law, is not a sufficient ground for granting a new trial, citing *McDougald's Adm'r v. Dougherty*, 39 Ala. 434.

WATTS & TROY, for appellant.
STONE, CLOPTON & CLANTON, contra.

PETERS, J.—This is an application in chancery, in the
nature of a motion for a new trial at law. The bill was
dismissed upon demurrer for want of equity. In such a
case the allegations of the bill are in lieu of the facts
stated in the affidavits in support of a motion for a new
trial. On a motion to dismiss for want of equity, the alle-
gations of the bill must be taken as absolutely true, unless
they contradict each other, or are so made as to impair
their own force. A new trial is granted for the sake of
obtaining justice.—2 Tidd Pr. 905, marg. A new trial
will be granted in equity in case of newly discovered evi-
dence, for fraud, surprise or the like, where the party has
been deprived of the means of defense by circumstances
beyond his control.—3 Gra. & Wat. on New Trials, p. 1455;
*Doubleday v. Makeplace*, 4 Blackf. 9; *Floyd v. Jayne*, 6
John Ch. 479; 2 Story Eq. 173; *Carrington v. Holabard*,
17 Conn. 539.

Here the newly discovered proof shows that there was a
contract between the creditor and the debtor without the
consent of the surety, to extend the time of the payment of
the note, and that the debtor had actually paid to the
creditor one hundred and ten dollars in money on this con-
tract, and that the time of the payment of the note was
extended until the first of January, 1855. This note was
due in 1851. This payment was made in extra interest.
At the time it was made the creditor declared that he did
not look to Cox, the security, for the payment of the note,
but to the debtor, the principal maker of the note, alone
for payment. This agreement undoubtedly discharged
the surety to the note. —*Cox v. Mobile & Girard Railroad
Company*, 37 Ala. 320. The demurrer to the bill admits
these facts to be true.—Mitf. Ch., p. 107, 108. Then the
complainant, Cox, the appellant in this suit, was legally
discharged from all liability on the note upon which he
was sued at the time of the trial at law. Under such cir-
cumstances it would be unjust to make him pay the note.
This injustice must be committed if the judgment against

him is permitted to stand. This would be unconscientious and inequitable, unless there are other principles of equity which intervene to justify this inequity.

It is a principle of equity jurisprudence, that if a party litigant has a sufficient defense at law, that it must be exerted there with proper diligence, else a court of chancery will not interpose to give relief; for this would be to relieve his negligence and not his misfortune.

Here the bill shows that the testimony set out in the affidavit of Warsden, which clearly establishes the above facts, was wholly unknown to the appellant Cox at the time of the trial at law, and no ordinary diligence could have discovered it; because it was not known by Cox to exist, nor did he have any reason to suspect its existence. It was newly discovered testimony of such a character as would have justified a new trial at law, had it been discovered in time to have made it the basis of an application in the court at law.

Warsden's affidavit is a part of the bill. The demurrer admits the facts stated in the bill. This admits the facts in the affidavit. If these facts are true, then it is also true that Cox was discharged from all liability on the note at the date of the trial. But his defense failed, because he was not able to prove it at the time of the trial. This does not make the affidavit merely cumulative evidence. Such evidence merely strengthens other evidence of a like kind. This may leave the question of discharge still in doubt, and as this doubt has been once submitted to a jury, and they have resolved it against the appellant, the same doubt will not be again submitted in a different forum for a second resolution, under more favorable circumstances than it was heard at first. This would be giving a court of equity the power to review the verdict of a jury, which is not permitted.—*Simpson v. Hart*, 1 John. Ch. 91. The jury say by this verdict that there was no discharge proven before them. Hence it did not exist, so far as their inquiry extended. Here it is admitted that the discharge did exist at the time of the trial at law, but the proof that established it was not then known to the appellant, and no ordinary diligence could then have discovered this proof,

but that it has been since discovered, and as soon as it was discovered, this bill was filed. This takes this case without the rule that a new trial will not be granted on merely cumulative evidence.—*Dougald's Admr. v. Dougherty*, 39 Ala. 409.

This objection is rather technical at best. It has nothing of justice in it. And it is an unhappy use of a technicality when it is resorted to in order to defeat the great end of all litigation—the attainment of "right and justice."—Const. Ala., 1867, § 15.

If Lampkin discharged the appellant from all liability on the note by the agreement to extend the time of payment and received the consideration, as the bill clearly shows, he had no right to compel the appellant to pay it. His right to do this was utterly gone as soon as this agreement was entered into and the consideration was paid.—37 Ala. 320, *supra.* The railroad company stand in Lampkin's shoes. He could only transfer to them the right that was in himself, and no more. *Nemo plus juris ad alienum transferre potest, quam ipse habet.*—Coke, Litt. 309, *b*; 2 Kent, 324, marg.

The learned chancellor erred in dismissing the bill for want of equity. His decree is, therefore, reversed, and this cause is remanded for further proceeding in the court below, in conformity with this opinion. The appellee will pay the costs of this appeal.