## DAVID *vs.* MALONE.

[ACTION AGAINST SURETY ON PROMISSORY NOTE.]

1. *Charge to jury; what erroneous.*—A charge which assumes the truth of evidence, and withdraws the consideration of its credibility from the jury and instructs them that they must find for the defendant, is an invasion of the province of the jury, and necessarily erroneous.

2. *Principal debtor; what contract with, by creditor, will not discharge surety unless injury is shown.*—A creditor, having instituted suit against the principal debtor and his surety, afterwards, without the knowledge or consent of the surety, agreed with the principal, that on his paying a portion of the interest due and the costs, to dismiss the suit and indulge him further, without specifying any day or time to which indulgence was to be given. The agreement was carried into effect and the suit dismissed. The principal debtor was afterwards adjudged a bankrupt, and obtained a discharge before the present suit,—*Held,* that the surety was not thereby discharged, unless he was in fact injured by the agreement between the principal debtor and the creditor.

APPEAL from the Circuit Court of Limestone.
Tried before Hon. W. J. HARALSON.

The opinion states all the facts of the case.

David v. Malone.

WALKER & JONES, for appellant.
WALKER & BRICKELL, *contra*.

PECK, C. J.—There are cases in which it is difficult to determine whether they fall on the one or the other side of the line between right and wrong. These cases not unfrequently arise, where sureties seek to be relieved or claim to be discharged from their liabilities, by some act or omission on the part of creditors.

The general rule is, that if a creditor does any act injurious to the surety, or inconsistent with his rights, or if he omits to do any act, when required by the surety, which his duty enjoins him to do, and the omission proves injurious to the surety,—in all such cases, the surety will be discharged, and he may set up such defense to any suit afterwards brought against him, if not at law, at all events in equity.—Story's Eq. § 325.

In the case of *The People v. Jansen*, (7 J. R.,) it is decided that the facts being ascertained, the defense can as well be made at law as in a court of equity.—See, also, *Pain v. Packard*, 13 J. R.

Where the creditor by contract extends the time of payment to his principal debtor, without the consent of the surety, the surety is discharged; but to have this effect, the contract must be founded upon a good consideration, must be a contract that deprives the creditor of his legal right to proceed against the principal debtor for some period, however limited; and this is so, whether the delay has operated to the prejudice of the surety or not.—*Haden et al., Ex'rs, v. Brown*, 18 Ala. 641. But a surety has a right to stand upon the precise terms of his contract, and any alteration made therein without his consent, either in its terms or mode of performance, will exonerate him from his liability.—*Mackay & McDonald v. Dodge & McKay*, 5 Ala. 388; *Wicher v. Hall*, 5 B. & C., 269.

Mere delay, however, on the part of the creditor, to call on the principal debtor for payment, or his omission to use any active diligence to collect his debt, will not discharge

his surety.—*King v. Baldwin*, 2 J. Ch. Rep. 554.   Where there is no notice on the part of the surety, requiring the creditor to sue the principal, a delay to sue, or even a discontinuance of a suit already brought against the principal, will not absolve the surety from his liability, if he is passive and takes no measures to indicate to the creditor that he insists on his proceeding against the principal,—*Fulton v. Matthews & Wedge*, 15 J. R. 433.

The difficulty does not lie in the general rule; that is plain enough, but in its application to the peculiar and varying circumstances of particular cases.   The creditor is, in all subsequent transactions with the principal debtor, bound to entire good faith to the surety.   If any stipulations are made in reference to the debt between the creditor and the principal, which are not communicated to the surety, and which are inconsistent with the terms of his contract, or prejudicial to his interests therein, they will operate as a discharge of the surety from the obligation of his contract.—1 Story's Eq. § 324.

The present case, as it is presented in the bill of exceptions, may be stated as follows: This action was commenced by appellant in 1869, against appellee, founded on a lost note made by Benj. F. Bell and appellee, payable to Wm. H. Yarborough, which had been assigned to plaintiff.   Appellee, the defendant, pleaded that he made said note as the surety of Bell, and averred that after said note was due and payable, the said plaintiff, upon a new and valuable consideration paid by said Bell, agreed with him to dismiss a suit then pending on said note against said Bell and himself, and to give him day of payment, and did, in pursuance of said agreement, dismiss said suit, and extend the time for the payment of said note, and that this was done without his knowledge or consent, and to his damage and injury.

On the trial, after the plaintiff had proved the making of said note, its assignment and loss, &c., the defendant introduced said Bell as a witness, who testified that defendant executed said note as his surety, and that on the 2d day of March, 1867, a writ was issued on said note against

himself and defendant, his surety; that said suit was after-
wards dismissed by plaintiff, under an agreement with him,
without the knowledge or consent of defendant; that he
agreed to pay plaintiff some interest, which was then due,
and the costs of said suit; that he paid plaintiff ten dol-
lars, which did not extinguish the interest which was then
due, and the costs of said suit, the plaintiff agreeing to
indulge him further, without specifying any time or day to
which she would indulge him; that said suit was dismissed,
in vacation, under section 2675 of the Revised Code,
without notice to defendant and without his consent.
He further stated, that if said suit had progressed to
judgment, he had property sufficient, exempt from exe-
cution, to have satisfied said judgment; that afterwards, on
the — day of ——, 1867, he was, on his own petition, ad-
judged a bankrupt; that suit against him was never re-
newed, but long after said suit was dismissed, and after he
had become a discharged bankrupt, this suit was brought
against defendant alone. This was all the evidence, and
the court, at the request of the defendant, charged the
the jury, "that the dismissal of said suit by plaintiff, under
said agreement, without notice to the surety, the said James
M. Malone, discharged the surety from all further liability
on said lost note, and they must find for the defendant."

This charge is erroneous. It assumes the truth of the
evidence, and withdraws from the jury the consideration of
its credibility, and instructs them that they must find for
the defendant. This was a clear invasion of the province
of the jury.—*Huff et al. v. Cox*, 2 Ala. 310; *Brooks v. Hil-
dreth & Moseley*, 22 Ala. 469; *Whitsett, Garner & Co. v.
Slater*, 23 Ala. 626; *Foust v. Yielding*, 28 Ala. 658.

For this error the judgment must be reversed; but as, on
another trial, the question as to the legal effect of this evi-
dence will necessarily arise, and under a proper charge of
the court have to be considered and disposed of by the
jury, we will proceed to express our opinion of it; and, in
the first place, we are not prepared to say said alleged
agreement, in the language of some of the cases, tied up
the hands of the plaintiff, so that she could not immediately

have commenced another action against the principal debtor, Bell; we are inclined to believe she might have done so. The agreement, strictly speaking, did not require her to indulge him for any particular time; it is altogether indefinite as to this matter. Good faith, however, on the part of the plaintiff, required her to indulge him some reasonable time, and no doubt both parties so understood it, as we see she did indulge him, until he was adjudged a bankrupt and discharged from all obligation to pay said note.

The agreement was not illegal, nor without consideration, and was carried into effect by both parties. Bell paid a portion of the interest due on said note, and the costs of said suit, and the same was dismissed, and indulgence was, in fact, granted by the plaintiff, without the knowledge of the surety. This must be regarded as a discharge of the surety's liability. Besides, if notice had been given to the defendant, he might, and probably would, have objected to the dismissal of the suit without being relieved from his liability as surety. Section 3074 of the Revised Code permits a surety, by notice in writing, to require the creditor to sue the principal, and to prosecute the suit with diligence, according to the ordinary course of law, and if he fails to do so, the surety is discharged. If the plaintiff had given the defendant notice of said agreement, and of his intention to dismiss said suit, and the defendant had objected, and, in writing, required the plaintiff to continue to prosecute the same, and he had declined to do so, the defendant would have been within the equity of said section, and entitled to all its benefits. Every principle of good faith entitled the defendant, we think, to this notice, that he might have taken the necessary steps to protect himself.

We will not stop to speculate whether the defendant was, in reality, injured or prejudiced by the course pursued by the plaintiff; it is enough, that it was inconsistent with that entire good faith which ought to have been observed on his part towards the defendant; and in all such cases injury may fairly be presumed.

For the error in the charge of the court, the judgment is

NOTE BY REPORTER.—At a subsequent day of the term, applied for a rehearing. The application did not come into the Reporter's hands. The application was responded to in a *per curiam*, as follows:

We are indisposed to grant a rehearing in this case, but considering the peculiar circumstances of the case, we will add, that unless, on another trial, it is made to appear that the defendant in fact was injured by the alleged arrangement between the plaintiff and the principal debtor, he ought not to be held discharged from his liability as surety. With this modification of the opinion, the rehearing is denied.