# Hughes *v.* Southern Warehouse Co.

*Action on Note under Seal, by Assignee against Makers.*

1. *Secondary evidence of contents of writing.*—A witness can not testify to the contents of a written instrument, to which he says there was an attesting witness, unless that witness is produced, or his absence is accounted for; nor can he testify to the contents of the writing, after the maker of the contract has testified that it was never reduced to writing.

2. *Extension of day of payment, as discharge of surety.*—An agreement to extend the day of payment of the balance of the debt, on present payment of a part by the principal, and forbearance for the extended time, does not discharge the surety.

[Hughes v. Southern Warehouse Co.]

3. *Issue on defective pleading.*—When issue is joined, without objection, on a defective plea or replication, advantage can not be taken of the defect by a motion to exclude evidence, nor by instructions to the jury.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JNO. P. HUBBARD.

JNO. GINDRAT WINTER, for appellant, cited *Street v. Kelly*, 67 Ala. 478; *Ellison v. State*, 69 Ala. 1; *Jenks v. Terrell*, 73 Ala. 238; *Crescent Brewing Co. v. Handley*, 90 Ala. 486; *Anderson v. Bellenger*, 87 Ala. 334.

TOMPKINS & TROY, contra, cited *Thompson v. Robinson*, 34 Ark. 52; *King v. Bank*, 47 Amer. Dec. 743; *Bennett v. Robinson*, 3 Stew. & P. 227; *Lewis v. Faber*, 65 Ala. 460.

STONE, C. J.—The present suit is brought on a note under seal, or bond, due June 1, 1886, for the payment of three hundred dollars. It is payable to Walker, and was by him indorsed on the day of its maturity. The note or bond is signed by Hughes and Letcher, the latter being only a surety for Hughes. The consideration is not expressed in the note or bond. Up to this point there is no conflict in the testimony.

The joint defenses attempted were set-off and recoupment. Letcher, the surety, pleaded an additional, separate defense, viz., that he was only surety, and that without his consent, and for a valuable consideration, the holder of the note or bond extended the time of payment to October 15, 1886, and thereby discharged him, the surety. One replication to the pleas of set-off and recoupment sets up in avoidance of them, that on June 10, 1886, the defendant Hughes agreed with plaintiff to pay, and did pay, one hundred dollars on the said note or bond, and that in consideration thereof the plaintiff agreed to indulge, and did indulge the defendants, for the balance of the demand until October 15, 1886. No demurrers were interposed to any of the pleadings, but issues of fact were joined on each plea and each replication. Hence there was no judicial ruling invoked or had on any step taken in the formation of the issues.

The chief contention arose on the introduction of testimony. Hughes, the defendant, testified that the note in suit was given in part security of the rent of a mill, and was proceeding to testify of certain stipulations alleged to have been embraced in the contract of lease. The lease, he testified, was in writing, and according to his recollection, Ferguson, who lives in Birmingham, Alabama, was a subscribing witness to it. He

testified to having made the proper search for the lease, and that it could not be found. It was objected, that he could not speak of the contents of the lease, without first producing the subscribing witness to prove its execution and existence. The objection was sustained, and he excepted. It will be noted, that the offer was to prove the contents of the lease, which the witness testified was in writing and attested by a subscribing witness, and that no legal excuse was shown for the absence of the subscribing witness. Offered as this testimony was, to prove the contents of an attested writing, we hold the Circuit Court did not err in excluding the testimony.—1 Greenl. Ev., § 572.

Walker, the payee of the note, was then introduced, and testified that the lease was oral, and not in writing. The witness Hughes was again offered to testify to what had been previously rejected, and his testimony, on objection, was again ruled out. Had the second offer been to prove, as independent facts, what were the stipulations of the contract on Walker's part, we can not know what the Circuit Court's ruling would have been. That was not the offer. The proposition was to prove what the written contract of lease showed were his obligations. This involves the same question as that considered above, and the court did not err in rejecting the testimony.

The proof showed that the facts of the case, in regard to the extension of time, were precisely those set forth in the replication, the substance of which we have given. No new consideration was paid or promised. Payment of one hundred dollars of the sum evidenced by the note is all that is pretended to have been done. It requires an additional valuable consideration—something beyond part payment of the debt proposed to be extended—to bind the promisee to an observance of even an express promise to indulge. Giving full credit to all the testimony tended to prove, the warehouse company was not hindered one minute in its right to sue, by the agreement entered into. It follows that the alleged indulgence extended to Hughes, no matter how presented, could not discharge Letcher from liability on the note or bond. The promise to so indulge was gratuitous, and not binding. *David v. Malone,* 48 Ala. 428; *Haden v. Brown,* 18 Ala. 641; *M. & M. Railway Co. v. Brewer,* 76 Ala. 135.

We can not know what defense of merit could have been made in this case, if the terms and conditions of the contract of lease had been before the jury. We have seen they were properly ruled out. There was, however, some testimony introduced, tending to prove a cross-demand, or set-off. Hughes

[Lucas v. Pittman.]

testified, that with Walker's consent he put repairs on the mill; and there was some proof of their value. This Walker denied, and the question became one for the jury, if the issue had permitted them to consider it. But it did not. We have stated the substance of the replication to this line of defense, and that the testimony proves the truth of that replication. Now, whether it tendered a material issue or not, issue was joined upon it, thus conceding that it was an answer to the pleas. That issue being found in favor of the plaintiff, that line of defense necessarily fell to the ground; unless, on motion by defendants, a repleader had been awarded.—3 Brick. Dig. 711, §§ 5, 6, 7. No such motion was made.

If the issue had permitted the inquiry, we are not prepared to say we would affirm the correctness of the first charge given at the instance of the plaintiff. We have seen this inquiry was precluded.

Of the charges asked by defendants, No. 4 is without evidence to sustain it. The others, on the evidence in the record, were properly refused.

Affirmed.