## CURRY *vs.* REYNOLDS.

[ACTION ON PROMISSORY NOTE.]

1. *Section* 2661 *of Revised Code; constitutionality of.*—Section 2661 of the Revised Code, which requires a return, appearance, and trial term in certain cases, is not unconstitutional.

APPEAL from Circuit Court of Talladega.
Tried before Hon. CHAS. PELHAM.

Action, founded on a due-bill executed February 6, 1860, commenced 9th of March, 1868, and summons returnable to spring term of circuit court of said year. Judgment by default at fall term, 1868, or (in this case) the appearance term.

The error assigned is the rendition of the judgment at the term at which it was rendered.

BRADFORD, MARTIN & ISBELL, for appellant.
JOHN T. HEFLIN, contra.

B. F. SAFFOLD, J.—In cases like this, the first term after the commencement of the action is the return term, the second term is the appearance or pleading term, and the cause is not to be tried before the next term after the appearance term.—Rev. Code, § 2661.

The judgment in this case was rendered at the appearance term, contrary to the provision of the section quoted. The constitutionality of this law was elaborately discussed in the case of Ex parte Pollard, (40 Ala. 77,) and decided affirmatively. We are satisfied with that decision, and the reasoning by which it was sustained. The end of law is justice. Inflexible rules can not be applied to the vicissitudes of human affairs. The contracts of the citizens should be inviolable, but, when broken, the remedy must be, in some measure, consonant to the times. If we hold the remedy to be a part of the contract, we will be continually applying rules adapted to peace and prosperity to periods of adversity and extreme distress. The sovereign power owes protection and preservation to the citizen, as well as the enforcement of contracts, and it is on this ground that nations assume to cancel the obligations of their citizens through the agency of a bankrupt law. The constitutional prohibition against impairing the obligation of contracts, and hindering and delaying justice, was aimed more at the robbery and denial of right by the supreme power, which had formerly been prevalent, than at any

modified accommodation between the creditor and debtor, through changes of remedy in times of public misfortune, which might benefit society without the sacrifice of either.

The judgment is reversed, and the cause remanded.