# Scott *v.* Scruggs.

| 95 | 383 |
| 142 | 151 |

*Action on Promissory Notes, by Payee against Maker.*

1. *Discharge of surety by extension of time to principal.*—An extension of the day of payment, granted by the creditor to the principal, and founded on a valuable consideration, discharges the surety, if made without his knowledge and consent; and the payment of interest in advance for the extended period, in consideration of the extension, is a valid consideration, though a partial payment after maturity is not.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. HENRY C. SPEAKE.

This action was brought by Thos. M. Scruggs, against Jno. F. Scott and H. S. Freeman, and was founded on the defendants' two promissory notes, one for $520.33, and the other for $2,081.32; each of said notes being dated January 4th, 1890, and payable six months after date, to the order of the plaintiff, at the First National Bank of Decatur. The action was commenced on the 21st March, 1891. The defendants jointly pleaded the general issue, and Freeman specially pleaded that he was only a surety on the notes, and was discharged by an extension of the day of payment

[Scott v. Scruggs.]

granted by plaintiff to Scott, for valuable consideration, without his knowledge or consent. Issue was joined on each of these pleas.

On the trial, the plaintiff having read in evidence the notes sued on, the evidence introduced by the defendants showed these facts: On May 23d, 1889, the defendant Scruggs applied to Scott, the plaintiff, for a loan of $3,000; and on Scott asking "what security he could give," said, "that he could give his own note, with Freeman as surety." Scott agreed to make the loan, and wrote out two notes, one for $2,000, and one for $1,000; to which notes Scott then signed his own name, and, taking them out of the office where he and Scruggs were, returned in a few minutes with Freeman's name attached. These notes were dated May 23d, 1889, and were payable to Scruggs' order, on the 1st January, 1890, at the First National Bank at Decatur; and Scruggs paid the money to Scott, deducting the interest in advance. About the time of the maturity of these notes, Scott applied to Scruggs for an extension of the debt, and Scruggs agreed to extend the day of payment for six months, if Scott would pay $500 cash, and give new notes in renewal. Scott agreed to these terms, and proposed to take the new notes out and procure Freeman's signature; but Scruggs insisted that Freeman must come to his office and sign them. Scott then brought Freeman to the office, where they both signed the renewal notes, the notes now sued on; and Scott having paid the $500, the new notes were delivered to Scruggs, and the old notes were thereupon delivered up and cancelled by tearing off the signatures. The evidence showed that, at the time of the execution of these new notes, no questions were asked, and nothing was said by any of the parties as to Freeman being only a surety for Scott. When these new notes matured, Scott again asked an extension, and after several letters had passed between him and Scruggs, the latter agreed to extend the debt for six months, if Scott would pay the interest for six months in advance. Scott agreed to this, and paid the interest as stipulated; and this suit was not brought until after the expiration of the six months. It was not controverted that this agreement was made without the knowledge or consent of Freeman.

On these facts, the court charged the jury, on request, that they must find for the plaintiff, against each of the defendants, if they believed the evidence. The defendants excepted to this charge, jointly and severally; and Freeman also excepted to the refusal of several charges asked by him in writing, as follows:

Vol. 95.

[Scott v. Scruggs.]

(1.) "If the jury find that the defendant Freeman signed the notes which are the foundation of this suit solely as surety for the defendant Scott, and that this fact was known to the plaintiff at the time of the making of the notes; and if the jury also find that the plaintiff, without the knowledge or consent of the defendant Freeman, by an agreement between him and the defendant Scott, for a valuable consideration extended the time of the payment of the said notes for a definite time; then the defendant Freeman is discharged as surety, and the verdict must be in favor of the defendant Freeman."

(2.) "If the jury find that the defendant Scott paid to the plaintiff the whole or any part of the interest on the notes which are the foundation of this suit, in advance, as a consideration for the extension of the time of the payment of the said notes for a definite time, and that the plaintiff accepted the said payment, and in consideration thereof agreed to extend the time of the payment of the said notes for a definite time; such payment of the whole, or any part of the said interest in advance, was a valuable consideration, and sufficient to sustain the agreement for the extension of the payment of the said notes; and if the jury also find that the defendant Freeman was only a surety on the said notes, and that this agreement for the extension of the time of the payment of the notes was made without his knowledge or consent, then he is discharged as such surety, and their verdict must be in his favor."

(3.) "If a creditor, for a valuable consideration, makes an agreement with the principal debtor to extend the time of the payment of the debt, without the knowledge or consent of the surety, the surety is thereby discharged, no matter whether he has suffered any loss or damage by such extension or not."

(4.) "If the jury find that the defendant Freeman signed the notes which are the foundation of this suit, solely as the surety for the defendant Scott, and that Freeman signed the notes sued on under circumstances which, if followed up by Scruggs, would have brought knowledge of this fact to Scruggs; and if the jury also find that the plaintiff, without the knowledge or consent of the defendant Freeman, by an agreement between him and the defendant Scott, for a valuable consideration extended the time of the payment of the said notes for a definite time, then the defendant Freeman is discharged as surety, and their verdict must be in his favor."

(5.) "The jury may look at the circumstances attending

[Scott v. Scruggs.]

the execution of the said notes sued on, to determine whether Scruggs did in fact know that Freeman was simply a surety on the notes."

6. "If the jury believe from the evidence that the original notes, which were surrendered when the notes sued on were executed, were signed by Freeman as surety; and if the jury further believe from the evidence that the notes sued on were given at the request of Scott, and that Freeman did not join in the request; then the mere execution of these last notes, in renewal of the first, in the absence of an express agreement to the contrary, would not change the relation of the parties existing prior to such new notes, so as to make Freeman a principal with Scott on the notes sued on."

(7.) "If the jury believe from the evidence that the notes sued on were given at the request of Scott, and that Freeman did not join in the request, then the mere execution of these last notes, in the absence of an express agreement to the contrary, would not change the relation of the parties existing prior thereto, so as to make Freeman a principal with Scott on the notes."

(8.) "If the jury find from the evidence that the notes sued on were simply a renewal of the loan to Scott by Scruggs, or a portion thereof, then the presumption is, in the absence of proof to the contrary, that the parties sustained the same relation to each other that existed at the time of the original notes."

(9.) "Although the notes sued on may on their face import that Scott and Freeman were co-makers, yet it is competent to show that Freeman did in fact sign the notes sued on simply as surety, and this fact may be shown by the testimony of the witnesses."

(10.) "Defendant Freeman requests the court to submit to the jury whether or not he was surety on the two notes sued upon, and whether that fact was known to the plaintiff at the time of the making of the notes."

The charges given, and the refusal of the several charges asked, are assigned as error, jointly and severally.

M. A. TYNG, and W. R. FRANCIS, for appellants.—If the time of payment is extended for a definite time, by a binding agreement between the creditor and the principal, without the consent of the surety, the latter is thereby discharged. 2 Brandt on Suretyship, §§ 342, 352; *Br. Bank of Mobile v. James*, 9 Ala. 949; *Haden v. Brown*, 18 Ala. 641; *M. & M. Railway Co. v. Brewer*, 76 Ala. 135, 142; *Cox v. M. & G. Railroad Co.*, 44 Ala. 611; *Stillwell v. Aaron*, 69 Mo. 539, or

[Scott v. Scruggs.]

33 Amer. Rep. 517; *Hollingsworth v. Tomlinson*, 12 S. E. Rep. 989; 2 Dan. Neg. Instruments, § 1317. It is not necessary that the fact of suretyship should appear on the face of the paper, when the creditor knows the fact at the time he grants the extension; and the relation between the parties may be shown by parol evidence.—2 Brandt, 375; 1 *Ib.* 29; *Greenough v. McClelland*, 2 Ell. & Ell. 424; *Pooley v. Harradine*, 7 El. & Bl. 431; *Br. Bank v. James*, 9 Ala. 949; *Walton v. Williams*, 44 Ala. 347; *Summerhill v. Tapp*, 52 Ala. 227. Whether plaintiff had knowledge of Freeman's suretyship was disputed, and the question should have been submitted to the jury.—*Hissong v. Railroad Co.*, 91 Ala. 514; *Sublett v. Hodges*, 88 Ala. 491; *Daniel v. Hardwick, Ib.* 557.

HARRIS & EYSTER, *contra.*—Whether Freeman was only surety for Scott on the original notes, and whether plaintiff knew that fact, are immaterial inquiries in this case. When the notes now sued on were given, nothing was said about the relation between Scott and Freeman, but the old notes were surrendered and cancelled, and the new notes taken under the new contract. This was a novation of the contract, and supported by a valuable consideration moving to each of the defendants.—*Hixon v. Hetherington*, 57 Ala. 165; *Fluker v. Henry*, 27 Ala. 403; *Rutledge v. Townsend*, 38 Ala. 706; *Allen v. Prater*, 30 Ala. 458; *Maull v. Vaughn*, 45 Ala. 134.

COLEMAN, J.—The authorities are uniform in holding, that any agreement supported by a valuable consideration, made by the creditor and principal debtor, without the assent of the surety, by which the debt of the principal is extended, operates a discharge of the surety.—*Mobile & Montgomery R. R. Co. v. Brewer*, 76 Ala. 142.

An agreement for the extension of a debt, founded upon a partial payment made after maturity, is not supported by a sufficient consideration to discharge a surety; but, if the partial payment be made before the maturity of the debt, it is sufficient to support an agreement for the extension of the debt, and if made without the assent of the surety he will be discharged.—Brandt Sur., § 306, and note. Payment of interest on a note in advance has been held to be a sufficient consideration to support an agreement for the extension of a debt.—*Vestal v. Knight*, 15 S. W. Rep. 16. In the case of *Turner v. Williams*, 12 S. W. Rep. 989, the law is stated as follows: "The acceptance of interest in advance of the maturity of a note is *prima facie* evidence of a binding

contract to forbear and delay the time of payment, and no suit can be maintained during the period for which the interest has been paid, unless the right to sue be reserved by the agreement of the parties." The payment of the interest in advance is not, of itself, the contract for delay, but is evidence of such contract, and in the absence of re-butting evidence is conclusive. See Brandt, Sur., § 305; also, *Uniontown v. Mockey*, 140 U. S. 220.

We are satisfied that, if plaintiff demanded the payment of interest for six months before it had accrued, and it was paid in advance by the principal debtor, upon the agreement that the debt should be extended six months, or any other definite time, and was accepted upon such agreement, it would be a sufficient consideration to support the agree-ment for the extension of the time; and if this was done without the knowledge and assent of the surety, it would operate a discharge of the surety.—*Scott v. Mobile & Girard R. R. Co.*, 322.

The evidence of Scott, the principal debtor, was compe-tent to prove, and tended to prove, that the plaintiff knew that Freeman was only a surety.—*Summerhill v. Tapp*, 52 Ala. 227; *Walton v. Williams*, 44 Ala. 349; *Br. Bank of Mo-bile v. Coleman*, 20 Ala. 140; 9 Ala. 949. He says, that plain-tiff inquired of him *"what security* he could give" to procure the loan of the money. "I told him I could give my note, with Freeman *as surety."* The evidence of both the de-fendants tended to show that the notes sued upon were mere renewal notes, extending the time of payment. It was for the jury to determine the weight and credibility of their testimony.

The notes sued upon were dated January 4th, 1890, and due six months after date. There is evidence tending to show that in July, 1890, the plaintiff agreed to extend the time of the maturity of the notes to January 4th, 1891, upon the payment of the interest in advance for that period, and upon this agreement the interest was paid in advance. There is evidence tending to show this agreement was made without the assent of the surety.

The court erred in giving the general charge in favor of the plaintff, and erred in refusing to give charge No. one requested by the surety. Some of the charges requested by the defendant, notably charge No. 2, failed to hypothe-size the fact of knowledge of the suretyship on the part of the plaintiff, and were properly refused. We do not appre-hend that there will be any further difficulty on another trial.

Reversed and remanded.