# Goddard & Sons v. Garner Bros.

*Action on Common Counts.*

1. *Evidence of custom or usage in trade, not admissible to prove contract.*—In an action to recover the price of goods claimed to have been sold through a broker, testimony offered by the plaintiff to the effect, that when a broker makes a sale, each party receives a memorandum of the sale from the broker but that neither party receives any writing from the other, is not admissible to prove the contract; evidence of the customs, usages, and courses of dealing in the business of brokerage not being admissible for that purpose.

2. *Evidence; inadmissibility of conclusions and inferences of witness.* In an action to recover the price of goods claimed to have been sold through a broker, where it appears from the testimony of a witness that the one fact known to him was that the broker had written witness' company that he had made a sale of the goods to the defendant, it is not permissible for the witness to state the conclusions and inferences drawn by him from that fact.

3. *Same; hearsay.*—In an action to recover the price of goods claimed to have been sold to the defendant, testimony of a witness for the plaintiff that a third person said to the witness that the defendant had sent him to pay the freight on said goods, and that he was acting by instructions from the defendant, and that he got the bill of lading and invoice from defendant, is hearsay, and inadmissible.

4. *Motion for new trial; when ruling on, not reviewed on appeal.*— When a motion for a new trial, and the ruling of the court thereon, are not shown by the bill of exceptions, nor in any manner authenticated by the presiding judge, they cannot be considered on appeal.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

This was an action by E. Goddard & Sons, a private corporation, against Barton Garner and others, partners composing the firm of Garner Bros. The complaint contained the common counts. The claim of the plaintiff on the trial was that it had sold a car load of flour to the defendants, through W. B. Goodbread & Co., brokers and commission merchants. The defendants denied that they had purchased the flour. The evidence on this issue was conflicting. The rulings upon the evidence, to which exceptions were reserved, and which

are reviewed on the present appeal, are sufficiently shown in the opinion. There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the rulings of the trial court upon the evidence and the overruling of a motion made by the plaintiff for a new trial.

H. L. MARTIN, for appellant.

H. H. BLACKMAN, *contra*.

McCLELLAN, J..—The obvious tendency of the testimony of Joseph H. Goddard, to the effect that "when a broker makes a sale, the party purchasing receives a memorandum describing the sale, and the party selling receives a similar memorandum, neither party to the transaction receiving any writing from the other, and each receiving a memorandum from the broker, who is an intermediate man, representing both," was to show that the defendant had received notice of the fact that certain brokers had given plaintiffs an order to ship a car load of flour to them, the defendants, at Ozark, and had either given the order to the brokers, or assented to its being given by the latter to the plaintiffs for themselves, the defendants. This would be to prove a contract by a custom or usage, which is inadmissable. The customs, usages, and courses of dealing in the business of brokerage may be sometimes looked to to explain, or in the construction or interpretation of, a contract; but never to prove that a contract has been entered into. This testimony was properly excluded.

The further testimony of this witness to this effect : "The defendants through W. B. Goodbread & Co., brokers, contracted with the plaintiffs for a car of flour. This contract was entered into, we judge, from the telegram, on August the 29th, but was not completed until August 31st. The contract was made with us through W, B. Goodbread & Co., brokers. The sale was not made by our agent, but was made through brokers, who act on behalf of both parties, receiving their commission from the seller ; but, under the laws relating to brokerage, binding both parties by their acts,"—is clearly shown by the evidence of the witness himself to have been merely his conclusions and inferences of fact and

law from the one fact known to him, that a broker at Ozark had written witness's company that he had made a sale for said company of the car load of flour to Garner Brothers at Ozark. This also was obviously well excluded from the jury.

And of the same character is his statement, that the brokers who ordered the car of flour "represented the defendants in ordering the flour just as much as they represented the plaintiffs in selling the flour." And this too was properly excluded. His further deduction that "if Goodbread & Co. received the bill of lading, it must have been turned over to them by Garner Bros., to whom we sent it," is very good argument, but inadmissible testimony.

The testimony of Mabry that, when Crawford came to his office, "he said that Garner Bros. had sent him to pay the freight and get the flour," was the merest hearsay, and correctly excluded by the court; and the same is true of his further testimony that Crawford told him that "he was acting by instructions and authority of Garner," and that he got the bill of lading and invoice from Garner.

The bill of exceptions does not advise us what was intended, or referred to, by this witness in saying: "I think they did," and we, of course, cannot affirm that the court erred in excluding this testimony from the jury.

The motion for a new trial and the ruling of the court thereon are not shown by the bill of exceptions, nor in any manner authenticated by the presiding judge. We cannot consider it.

The judgment of the Circuit Court must be affirmed.