[Morningstar v. Querens.]

# Morningstar *v.* Querens.

### *Action for Rent on written Lease.*

1. *Evidence; what sustains averment of complaint.*—Where the complaint described the leased premises as "being the building which was on the date of the demise of the property occupied by R. Seal as a grocery store," and the lease which is introduced in evidence describes the property as "being the building which is now occupied in part by R. Seal as a grocery, and Johnson Bros. as a saloon," there is no variance between the pleading and the proof.

2. *Plea of the general issue; right of the plaintiff to maintain suit, cannot be raised under.*—Where the suit is for rent, and the only plea is the general issue, the right of the sole plaintiff, who is shown to be a married woman, resident in the State of Louisiana, to maintain the suit, cannot be raised. That plea putting in issue only the truth of the allegations of the complaint, and not challenging the right of the plaintiff to maintain the suit, which can only be raised by a plea in abatement.

3. *Parol evidence; when not admissible.*—Where the suit is for rent under a written lease, and the only plea is the general issue, it is not competent to show the breach of a patrol agree-issue, it is not competent to show the breach of a parol agreement was made prior to or contemporaneously with the written lease, the evidence would violate the salutary rule against introducing parol evidence to alter or add to a written agreement, and if made after the execution of the lease, it was without consideration. Moreover in either aspect this evidence would not be admissible under the plea of the general issue as this defense could only be raised under a plea of recoupment or set-off.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. WM. S. ANDERSON.
The facts are sufficiently stated in the opinion.

[Morningstar v. Querens.]

FITTS & STOUTZ, for appellant.—There· was a failure of proof by the plaintiff. In an action for rent nothing can be more material than the description of the premises claimed to have been rented. The material averment was traversed by the plea of the general issue, and the burden was on the plaintiff to prove every material allegation in her complaint, including, of course, the identity of the premises occupied.—*Lehman v. Shiver,* 129 Ala. 319; *McGhee v. Cashin,* 130 Ala. 568.

The general affirmative charge should not have been given, because Mrs. Querens, a married woman, was the sole party plaintiff, and the rented premises were in the State of Mississippi. The presumption is the common law prevails in that State. At common law the wife could not sue alone for the rents of her property.

The evidence would have shown a contract of leasing, partly oral and partly written, and the oral would not have contradicted the written.

GREGORY L. & H. T. SMITH, *contra.*—The case of *Thompson Foundry & Machine Co. v. Glass,* 33 So. Rep. 811, is a complete and perfect justification of the ruling of the circuit court on the evidence, but even if the ruling were otherwise in this State, under the pleadings in this case the evidence would have been inadmissible., as there was not a plea of set-off or recoupment.—*Fowler v. Payne,* 49 Miss. 32.

There is no presumption that the common law prevails in Louisiana, the State of Mrs. Querens' residence. The cases of *Kennebrew v. Southern Automatic Electric Shock Co.,* 106 Ala. 377, and *Peet & Co. v. Hatcher,* 112 Ala. 514, fully establish the proposition that the presumption that the common law prevails in other States in the Union is confined to those States whose laws are of common law origin, and has no application to States like Louisiana and Texas.

TYSON, J.—This is an action brought to recover certain installments of rent due by defendant to plaintiff upon a written lease, executed by them both.

The only plea interposed was the general issue. On the trial the general affirmative charge was given at the written request of plaintiff.

It is first insisted that plaintiff failed to prove that averment of the complaint which is in these words; "being the building which was on the date of the demise of said property occupied by R. Seal as a grocery store." The lease introduced in evidence describes the property as "being the building which is now occupied in part by R. Seal as a grocery and Johnson Bros., as a saloon." We do not think the contention meritorious. The recitals of the lease above quoted, which was in evidence, certainly fills the allegation of the complaint, it not being averred that Seal was the exclusive occupant of the building. The averment was simply to designate the property in which the rooms leased were located, which the evidence undisputably shows defendant took possession of and paid installments of rent under the lease.

It is next insisted that because the evidence shows that plaintiff was a married woman, residing in the State of Louisiana, at the date of the execution of the lease and also when this suit was brought, that she should not have been allowed to recover. This contention is predicated upon the proposition that her husband was a necessary party plaintiff. If the soundness of this proposition be conceded, the plaintiff's right to maintain the action was not challeged by the plea of the general issue, which under the statute, (§ 3295 of the Code) puts in issue only the truth of the allegations of the complaint. If it was desired to raise the question of non-joinder of the husband as a party plaintiff, this could only have been done by a plea in abatement.—*Berlin v. Sheffield Coal, Iron & Steel Company,* 124 Ala. 322.

The remaining assignments of error are based upon the rulings of the court in sustaining objections to certain questions propounded by defendant, the purpose of which were to elicit testimony to show that a breach was made by plaintiff of an oral agreement to make additions to the leased building. If the agreement was made

prior to or contemporaneously with the execution of the lease, the evidence was clearly not competent upon the principle declared in *Thompson Foundry & Machine Company v. Glass,* 136 Ala. 648. If made after the execution of the lease, conceding the authority of the agent to bind her, no consideration is shown for it. However, the evidence was not competent under the plea in this case. If defendant wished to interpose this defense, he should have interposed a plea of recoupment or set-off. This disposes of all the assignments of error insisted on.

Affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, J.J., concurring.