(93 South. 848)

McGILL v. HOLMAN. (4 Div. 990.)

(Supreme Court of Alabama. June 8, 1922.)

1. Trespass ⬯26—Owner of personalty may retake it.

The owner of personal property may take possession of it wherever he finds it, provided he commits no trespass or breach of the peace and uses no force or threats in its recaption.

2. Trespass ⬯26—Retaking of chattel left by owner unauthorized.

Where a chattel is placed or left by the volition or fault of its owner on the land of another without the latter's consent, the owner has no right of entry to recapture.

3. Trover and conversion ⬯1—"Conversion" defined.

A "conversion," in the sense of the law of trover, consists in either appropriation of the thing to the party's own use and enjoyment, or in its destruction, or in exercising dominion over it in exclusion or defiance of the plaintiff's right, or in withholding possession from plaintiff under a claim of title inconsistent with his own.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conversion.]

4. Logs and logging ⬯35—Preventing removal of timber cut not tortious.

Where standing timber was purchased under a contract which required plaintiff to both cut and remove it within a designated period, in denying plaintiff's right after the contract's termination and forbidding his entrance on defendant's land to remove timber already cut, defendant was within his rights under the contract, and not guilty of a tortious act merely, because plaintiff could not take possession of property which under the contract he had no right to remove.

Sayre, J., Anderson, C. J., and Miller, J., dissenting.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Action in trover by Y. Allen Holman against T. J. McGill. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Martin & Martin, of Ozark, and J. J. Mayfield, of Montgomery, for appellant.

To sustain an action of trover, there must be a destruction of the plaintiff's property, or unlawful interference with or dominion over it; and the plaintiff must have title and possession of the property. 33 Ala. 515; 27 Ala. 407; 4 Mayf. Dig. 987; 55 Ala. 266. Conversion is the gist of trover, and without proof of it the plaintiff cannot recover; mere failure to deliver on demand will not support the action. 76 Ala. 357, 52 Am. Rep. 334; 114 Ala. 146, 21 South. 468; 42 Ala. 51; 67

Ala. 96; 151 Ala. 628, 44 South. 655; 6 Mayf. Dig. 894. When the conversion is alleged to have occurred on a specific day not qualified by a videlicit, the evidence must reasonably satisfy the jury that the conversion occurred on the specific day named or the variance is fatal. 125 Ala. 544, 27 South. 922; 158 Ala. 622, 48 South. 377; 7 Mayf. Dig. 913.

J. E. Acker, of Ozark, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] It is a general rule of law that the owner of personal property may take possession of it wherever he finds it, provided he commits no trespass or breach of the peace and uses no force or threats in its recovery or recaption. Folmar v. Copeland, 57 Ala. 588; Stowers Furniture Co. v. Brake, 158 Ala. 639, 646, 48 South. 89; Brown v. Floyd, 163 Ala. 317, 50 South. 995; Milner v. Milner, 101 Ala. 599, 14 South. 373.

[2] But the authorities are practically unanimous in holding that, where a chattel is placed or left, by the volition or fault of its owner, on the land of another, without the consent of the latter, the chattel owner has no right of entry for the purpose of recaption. 38 Cyc. 1056 (II), 1057, and cases cited in the notes.

The timber for the conversion of which plaintiff here sues was purchased by him as standing timber under a written contract with defendant, who owned both the timber and the land on which it stood, by the terms of which plaintiff was required to both cut and remove the timber within a designated period, but failed to remove it before the expiration of the period, and afterwards asked defendant's permission to enter upon the land for that purpose. Defendant refused permission, and forbade any entry by plaintiff except for the purpose of removing certain sawmill machinery owned by plaintiff.

The theory upon which plaintiff seeks to recover in this action of trover is that by forbidding, and thereby preventing, plaintiff's entrance upon the land, defendant denied to plaintiff the possession and use of his property to which he was entitled, and that this was, in legal effect, a tortious conversion of plaintiff's property.

[3] "A conversion, in the sense of the law of trover, consists either in the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own." 2 Greenleaf on Ev. § 642. This definition is quoted with approval in Conner v. Allen, 33 Ala. 515, and has been approved many times in later cases. Davis v. Hurt, 114 Ala. 146, 21 South. 468; King v. Franklin, 132 Ala. 559, 31 South. 467.

[4] In denying plaintiff's right to enter, and in forbidding his entrance upon defendant's land, defendant was clearly within the law, and we know of no principle upon which it can be asserted that in thus exercising his own undoubted right to exclude plaintiff from his premises he could be guilty of a tortious act merely because, incidentally, plaintiff was disabled from taking possession of personal property which, on settled rules of law, and by the very terms of the contract by which he acquired it, he had no right to remove.

The status of this timber is, it must be conceded, rather anomalous under our decisions, some of which are referred to in the dissenting opinion of Mr. Justice SAYRE. See, also, Long v. Nadawah Lbr. Co., 202 Ala. 523, 81 South. 25.

But plaintiff's loss of the right to take his timber, thus left on defendant's land without the latter's consent, results from the terms of the contract which he made and the restrictions which it expressly imposed upon him.

To say that defendant's conduct here amounted to a tortious interference with or denial of plaintiff's property rights is to utterly repudiate the agreement of the parties, since it requires the vendor either to extend the time for the removal of the timber, or to himself transport and deliver it to the vendee, upon the latter's demand, after the stipulated time has expired, neither of which his contract obligated him to do.

It is true that the cases hold that, where the plaintiff has a right to retake his chattel property, if he can do so peacefully, but peaceful recaption is prevented by the opposition of the owner of the premises whereon the property is found, the plaintiff may recover of the latter as for a wrongful conversion or an unlawful detention. But that principle cannot be applied here, because, as already shown, plaintiff had no right to enter and take the timber, peacefully or otherwise.

As declared in Mt. Vernon Lbr. Co. v. Shepard, 180 Ala. 148, 156, 60 South. 825, 828, for the plaintiff "to now, under any sanction, enter for the removal thereof would be a trespass—a wrong." For the defendant to forbid such a wrong to his own property cannot, therefore, be wrongful; and to thus characterize the prohibition of a clear wrong as being itself wrongful involves, as it seems to us, an absolute contradiction of terms.

Nor can the fact that defendant anticipated or even intended that plaintiff's recovery and enjoyment of his property thus marooned would or should be prevented by defendant's assertion of his own rights in the premises render that assertion wrongful, whatever its collateral consequences might be to plaintiff.

There being no evidence of any tortious interference by defendant with the property rights of plaintiff in the timber—no act which can be in law regarded as a *conversion*—the trial judge should have given for defendant the general affimative charge, as requested, and its refusal must work a reversal of the judgment.

Reversed and remanded.

McCLELLAN, GARDNER, and THOMAS, JJ., concur.

SAYRE, J. (dissenting). By deed defendant, McGill, conveyed to plaintiff, Holman, certain pine timber standing on a tract of land described in the deed. One covenant of the deed was, in substance, that the timber was to be cut and removed prior to July 1, 1919. Some trees had been cut and were lying upon the ground when the time for removal expired, and shortly afterwards plaintiff proposed to go upon the land for the purpose of removing them, but defendant forbade the plaintiff to do so, warning him to stay off the land. There can be no doubt that defendant's purpose was to prevent plaintiff getting the logs; but with the logs themselves, as they lay in the woods, defendant interfered not at all. Plaintiff sued in trover and had judgment. Defendant appeals.

Since the decision in Zimmerman Mfg. Co. v. Daffin, 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58 (1906), the law of this state has been that the title to standing timber in the case of a conveyance like this remains in the grantee after expiration of the time limited for its removal, but the grantee has no right to go upon the land in order to remove the trees. Wright v. Bantley Lumber Co., 186 Ala. 616, 65 South. 353; Mt. Vernon Lumber Co. v. Shepard, 190 Ala. 574, 67 South. 286. This state of the law brings about anomalous complications, as the court has come to realize in more recent years, and the Legislature, conscious also of the confusion inherent in this situation, has by the act of September 30, 1919, attempted to introduce a change (Acts 1919, p. 836), but with no effect, I fear, because the question involved is judicial, not legislative. The act does not affect this case. But the court, considering that a rule of property has been established, has been unwilling to recede from the doctrine of the Zimmerman Case. The writer, speaking for himself, has never been able to understand wherein the rule might serve any beneficial purpose.

Here the trees in controversy were cut prior to the expiration of the time limited for their cutting and removal. According to the doctrine of the Zimmerman Case, they became and remained the personal property of plaintiff. Their legal status did not differ from any other personal property upon the premises of another. In general, the owner of property may take possession of it wherever he finds it. But he must commit no trespass, provoke no breach of the peace; and if he cannot regain possession peaceably —in this case the possession plaintiff had during the life of the contract—he must appeal to the courts of the country. Folmar v. Copeland, 57 Ala. 588. Necessarily, we think —the rule of the Zimmerman Case being operative—defendant's refusal to allow plaintiff to remove the logs was tortious. Such removal would not have involved possession of any part of the freehold, but only passage over it. True, defendant merely warned plaintiff to stay off the premises, ex cautela saying nothing about the logs; but the jury, in the exercise of their common sense, were authorized to look through this transparency and find that one, if not the chief, purpose of defendant's inhibition was to deprive plaintiff of the use, enjoyment, and possession of his property. Thereby defendant exercised dominion over the property in exclusion or defiance of plaintiff's right and was guilty of a conversion. Conner v. Allen, 33 Ala. 515.

I would get away from an impossible state of the adjudicated law. I would hold that the court committed no error in submitting this cause to the jury. In this view ANDERSON, C. J., and MILLER, J., concur.