### RAY v. SUMMERLIN. (7 Div. 470.)

(Supreme Court of Alabama. May 22, 1924.)

1. Pleading ⬙391—Time alleged under videlicet need not be proved exactly as alleged.

Where time is alleged under a videlicet 'in a pleading, it is not necessary that it be proved exactly as alleged.

2. Bills and notes ⬙139(1)—Principal and surety ⬙103(5)—Partial payment before maturity is consideration for extension, and, if made without surety's consent, he is discharged.

Partial payment, even though intended to apply on accrued interest, if made before maturity of debt, is sufficient consideration for extension thereof, and, if made without surety's assent, he will be discharged.

Appeal from Circuit Court, Cleburne County; A. P. Agee, Judge.

Action on promissory note by R. B. Ray against J. H. Summerlin. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Merrill & Jones, of Heflin, for appellant.

All allegations in pleadings which are descriptive of that which is material must be proved; a videlicet will not dispense with proof of a material matter. Gilmer v. Wallace, 75 Ala. 220; C. of Ga. v. Isbell, 198 Ala. 469, 73 South. 648; Dexter v. Ohlander, 89 Ala. 262, 7 South. 115; L. & N. v. Cannon, 158 Ala. 453, 48 South. 64; Smith v. Causey, 28 Ala. 655, 65 Am. Dec. 372; Stewart v. Tucker, 106 Ala. 319, 17 South. 385; Dill v. Rather, 30 Ala. 57; M. & O. v George, 94 Ala. 199, 10 South. 145; U. S. H. & A. Co. v. Savage, 185 Ala. 232, 64 South. 340. Probata and allegata

must correspond. Orr & Lanning v. Boockholdt, 10 Ala. App. 331, 65 South. 430. There must be a legal valuable consideration to support an agreement for extension of time. Lehnert v. Lewey, 142 Ala. 149, 37 South. 921; Howle v. Edwards, 97 Ala. 649, 11 South. 748; Saint v. Wheeler & Wilson, 95 Ala. 362, 10 South. 539, 36 Am. St. Rep. 210; Scott v. Scruggs, 95 Ala. 383, 11 South. 215; Black v. Slocum Mule Co., 8 Ala. App. 440, 62 South. 308; Buckalew v. Smith, 44 Ala. 638; Hughes v. So. Warehouse Co., 94 Ala. 613, 10 South. 133.

Lloyd Thomas, of Tallapoosa, Ga., and J. C. Nichols, of Heflin, for appellee.

Any agreement, made and supported by a valuable consideration, by the creditor and principal debtor, without the assent of the surety, by which the debt of the principal is extended, operates as a discharge of the surety. Even the payment of interest not due or partial payment before maturity is sufficient. Scott v. Scruggs, 95 Ala. 383, 11 South. 215; Railway Co. v. Bunn, 76 Ala. 142. Under a videlicet, time alleged need not be exactly proved as alleged. Sullivan v. State, 67 Miss. 346, 7 South. 275; 8 Words and Phrases, 561; Alexander v. W. O. W., 161 Ala. 561, 49 South. 883.

GARDNER, J. Suit on a promissory note by appellant against appellee. The litigated issue of fact was presented by the averments of the seventh plea which interposed the defense that defendant was, with knowledge of plaintiff, only a surety on the note 'sued upon, and that plaintiff, without the knowledge or consent of the defendant, had agreed, with the principal, for a valuable consideration, paid before the maturity of the note, for an extension of time of payment. Scott v. Scruggs, 95 Ala. 383, 11 South. 215; Mobile & M. Ry. Co. v. Brewer, 76 Ala. 135.

[1] It is insisted the proof was insufficient for submission to the consideration of the jury the material averments of the plea, and that the affirmative charge, as well as others which would lead to a like' result, should have been given. Clearly the evidence was sufficient for the jury's consideration that the defendant was, with knowledge of plaintiff, only surety on the note. The time as to the agreement was alleged under a videlicet, and it was not necessary that it be proven exactly as alleged. Alexander v. W. O. W., 161 Ala. 561, 49 South. 883.

[2] A partial payment made before maturity of the debt is sufficient consideration for the extension thereof, and, if made without the assent of the surety, he will be discharged. Scott v. Scruggs, supra. Whether, therefore, the payment was to be in payment of unaccrued interest, or considered merely, as advanced partial payment, was imma-

⬙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

terial, as either would constitute a valuable consideration sufficient to support an extension of the debt.

A material variance between the allegations and the proof is not shown. Prestwood v. McGowan, 148 Ala. 475, 41 South. 779; A. C. L. R. Co. v. Dahlberg Brokerage Co., 170 Ala. 617, 54 South. 168. The affirmative charge as to plea 7 was properly refused.

The remaining question as to the action of the court in overruling the motion for a new trial is not free from difficulty. The issues of fact presented in this cause have been submitted to two separate juries with a like result upon each trial. We have carefully considered the evidence, but to discuss it would serve no useful purpose. Suffice it to say we have reached the conclusion that the action of the trial judge in denying the motion should not be here disturbed.

Finding no reversible error in the record, the judgment will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.