140 So. 573
## STEPHENSON BRICK CO. v. BESSEMER ENGINEERING & CONSTRUCTION CO.
### 6 Div. 805.

Supreme Court of Alabama.
March 10, 1932.

Rehearing Denied April 7, 1932.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Ernest Matthews and W. B. Harrison, both of Birmingham, for appellee.

GARDNER, J.

The opinion on the former appeal sufficiently states the case (Stephenson Brick Co. v. Bessemer Engineering & Construction Co., 218 Ala. 325, 118 So. 570), and we adhere to the conclusion there reached that a jury question was presented, and the affirmative charge requested for defendant properly refused.

There were upon this trial presented two issues of fact: Whether or not it was agreed among the parties that plaintiffs were to be paid extra for rock excavation, and, if so, the amount and reasonable value for such work. Both of these issues found sharp dispute in the proof.

Defendant insists the contract was in accord with the written proposal of plaintiff to do the work of excavation for a "lump sum" price of 47½ cents per cubic yard, and this was the full extent of the contract; while plaintiff's contention is that defendant agreed, in case rock requiring blasting was encountered, they should receive extra pay therefor, with no fixed agreement as to the price.

While there is conflict in the evidence as to the terms of the contract, there is no ambiguity in them from the standpoint of either party. It was either the one way or the other. Therefore, there was no room for evidence of custom.

Plaintiff, on direct examination, asked its witness Burt whether or not it was the custom in 1925 and 1926 (the period of time here involved) to let contracts on unit price, "so much for rock, so much for dirt, and so much for loose rock," to which defendant objected upon the ground "that it calls for immaterial, irrelevant, illegal, and incompetent testimony, * * * and the custom wouldn't be binding on the persons to this suit," which objection the court overruled, and to which the witness answered, "It was." Like evidence was elicited from the witness Jones on his direct examination, and the witness S. R. Batson on cross-examination—all over defendant's timely objection. The tendency of this proof was to strengthen plaintiff's theory of the case that the contract between the parties was that extra charge should be made for rock excavation.

Defendant was not engaged in that character of business, and was not shown to have

any knowledge of any such custom. Jones on Evidence (2d Ed.) § 464. But that is not here material, in view of the rule that while "usage may be admissible to explain what is doubtful it is never admissible to contradict what is plain" (12 Cyc. 1084, 1091, 1092; Jones on Evidence [2d Ed.] § 465) and to change an express contract. Our authorities fully sustain the view that this evidence was inadmissible, and that it was of a prejudicial character we think admits of no doubt. People's Bank v. Walthall, 200 Ala. 122, 75 So. 570; Hartsell & Son v. Masterson, 132 Ala. 275, 31 So. 616; Goddard & Sons v. Garner, 109 Ala. 98, 19 So. 513; Wilson v. Smith, 111 Ala. 170, 20 So. 134; Benton Mercantile Co. v. Owensboro Wagon Co., 207 Ala. 49, 91 So. 784; Loval v. Wolf, 179 Ala. 505, 60 So. 298. And under the rule of Sanders v. Knox, 57 Ala. 80; Williams v. Bolding, 220 Ala. 328, 124 So. 892; and Clark v. State, 217 Ala. 229, 115 So. 295, the objection interposed sufficed to raise the point.

The bill of exceptions does not purport to contain all the evidence, and we recognize the presumption indulged in favor of the ruling of the trial court under such circumstances (Jones v. White, 189 Ala. 622, 66 So. 605; Lamar v. King, 168 Ala. 285, 53 So. 279; Perolio v. Doe, 197 Ala. 560, 73 So. 197; Hood v. Pioneer Mining & Mfg. Co., 95 Ala. 461, 11 So. 10); but we do not think this rule may be consistently extended to effect the rulings here in question, where the appellant, in accordance with the provisions of section 6432, Code 1923, has presented the matter in the manner therein provided, that is, stated the decision or ruling of the court "with such a statement of the facts as is necessary to make it intelligible." We therefore conclude that these rulings constitute error to reverse.

Numerous assignments of error relate to testimony concerning the reasonable value of excavation work. They need no separate treatment here, but in view of another trial, it would seem, if practicable, the evidence as to the reasonable market cost or price of excavation (here a pertinent question under plaintiff's theory of the case) should be confined to work in the territory or district where their work was done and of the same character. It may be that the location was considered within the "Birmingham district," but the evidence is clear that excavation in the city for buildings, sewerage, and the like embrace many more elements of danger, cost, and haulage than in rural sections, and that proof as to the cost of such city excavations would not be a proper criterion for work done in the rural sections.

What has been said we think will suffice for another trial of the cause.

For the errors indicated, the judgment will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.