83 So.2d 232

**AMERICAN DISCOUNT COMPANY**

v.

**Gene BECK.**

**7 Div. 220.**

Supreme Court of Alabama.

Nov. 3, 1955.

Virgil M. Smith, Gadsden, for appellee.

Lusk, Swann & Burns, Gadsden, for appellant.

**LIVINGSTON, Chief Justice.**

This suit was instituted in the Circuit Court of Etowah County, Alabama, by Gene Beck against the American Discount Company, a Corporation, for the alleged conversion of an automobile.

The question here is whether appellee, Beck, had notice of a claim by the appellant, American Discount Co., on the automobile in question. One Marion Pike bought the car in question from one Renfroe in November of 1951, and executed a note and security therefor, which will be more fully described hereinafter. This transaction occurred in Etowah County where Renfroe resided. Pike resided in Calhoun County. About a week after Pike bought the car from Renfroe he sold it to one Leo Knighten, a resident of Calhoun County, Alabama.

On December 13, 1951, Knighten traded the automobile to appellee, Beck, at Centre, Alabama, in Cherokee County. In the meantime, Renfroe had discounted the contract executed by Pike with the American Discount Company, the appellant.

The instrument securing the balance of the purchase price executed by Pike to Renfroe, and by Renfroe discounted with the American Discount Company, was never recorded in Etowah County. On December 5, 1951, the instrument was recorded in Cherokee County before Knighten traded the car to appellee, Beck, in Cherokee County, on December 13, 1951. The instrument was recorded in Calhoun County on March 5, 1952.

If the instrument is a mortgage on the car, rather than a conditional sale contract, to be operative against purchasers without notice, Sec. 123, Tit. 47, Code of 1940, requires it to be recorded, and by Sec. 110, Tit. 47, Code of 1940, this must be done in the county where the mortgagor resides (Calhoun County here), and in the county where the property is situated (Etowah County), unless it is immediately removed to the county of the mortgagor's residence. If the instrument is a conditional sale contract, it must be recorded as against purchasers for a valuable consideration without notice of it, as provided in Sec. 131, Tit. 47, Code of 1940, as amended.

■ The instrument here in question was in two parts, each referring to the other. One part is a conditional sales contract, and the other contains features which characterize it as a mortgage. We must, therefore, treat it as a mortgage and be governed by Secs. 110 and 123, Tit. 47, Code of 1940, in respect to registration, and not governed by Sec. 131, as amended, supra. Bern v. Rosen, 259 Ala. 292, 66 So.2d 711; Ison v. Sanders, 260 Ala. 583, 72 So.2d 67; Wells v. Wright, 219 Ala. 261, 122 So. 167.

In March, 1952, the automobile was turned over to the appellant, American Discount Company, under their claim, and disposed of by them.

As previously stated, the issue which was tried in the case is whether Beck, the appellee, had notice of the mortgage when he traded for the car in Cherokee County. There is no evidence to show when it was first carried into Cherokee County. It had been in Calhoun County after Pike purchased it, presumably until carried into Cherokee County. Under Sec. 110, Tit. 47, Code 1940, the mortgage must be recorded in the county of the residence of the mortgagor and the county in which the property is situated. If before the lien is satisfied the property is removed to another county, the mortgage must be there recorded within three months from such removal.

The trial court held inferentially that the recording of the mortgage in Cherokee County before the sale to appellee, Beck, in that county was not notice to him, presumably because it had not been recorded in Calhoun County where Pike resided when he executed the mortgage. The trial court must have found also that appellee paid value for the car without notice of the mortgage otherwise had by him.

■ We think the court was correct in holding that the record of the mortgage in Cherokee County, though it was on December 5, 1951, was not notice to Beck, the appellee, notwithstanding he purchased it in Cherokee County on December 13, 1951, because the mortgage had not been recorded in Calhoun County prior thereto. Calhoun County was the place of residence of the mortgagor. Sec. 123, Tit. 47, Code of 1940, makes the recording of a chattel mortgage necessary for it to give notice to a purchaser who is otherwise without notice. Such recording must be as provided by Sec. 110, supra. The mortgagor did not reside in Cherokee County when the mortgage was executed. Therefore, its record in Cherokee County did not give notice to subsequent purchasers for value.

■ We come now to the question of whether there was error in finding that the appellee, Beck, did not otherwise have notice of the mortgage. The finding of the court on conflicting evidence as to that issue ought not to be disturbed unless it is contrary to the great weight of the evidence. Norris v. Kelly, 249 Ala. 281, 31

So.2d 129; Morgan County v. Griffith, 257 Ala. 401, 59 So.2d 804, and this is so notwithstanding Sec. 260, of Title 7 of the Code.

The evidence was conflicting as to whether appellee had notice of appellant's mortgage. There was evidence that appellee was told that there was something unpaid on the purchase price as between Knighten and Pike, and according to plaintiff's evidence they promised to take care of it. Presumptively, they did so. It is not here involved. There is nothing shown to put appellee on notice as to the mortgage here involved.

■ The only errors assigned are for rendering judgment for appellee and not for appellant. We cannot say that the judgment was clearly wrong and against the great weight of the evidence, and the cause is due to be, and is, affirmed.

Affirmed.

SIMPSON, GOODWYN and MAYFIELD, JJ., concur.