96 So.2d 737

ISON FINANCE CO., d/b/a Alabama Industrial Finance Co.

v.

Hugh C. GLASGOW.

6 Div. 86.

Supreme Court of Alabama.

Aug. 22, 1957.

Levine & Fulford, Birmingham, and Ling & Bains, Bessemer, for appellant.

Carl Ross, Bessemer, and A. H. Nichols, Ensley, for appellee.

PER CURIAM.

This is an action of statutory detinue for the recovery of an automobile. There were verdict and judgment for plaintiff which the court set aside on motion of defendant. Plaintiff has appealed under authority of section 764, Title 7, Code, as amended.

Plaintiff claims title as transferee of an instrument in writing, executed by defendant, containing a promise for the payment of $1,600 as the balance of the purchase price of the automobile sued for, said payment being in installments of $75 a month for fourteen months, and $1,005.10 to be paid at the time of maturity of the last $75 installment. The Wood Chevrolet Company sold the automobile to the defendant. The seller and defendant executed the contract in question, and the seller assigned it without recourse to plaintiff. The fourteen installments of $75 each were paid to plaintiff by defendant, but always payment was delayed and plaintiff usually had an outside man to call on defendant with reference to the collection, thereby incurring and necessitating the payment of a collection charge as provided by the contract. The note of $1,005.10 (which is referred to as the "balloon note") was not paid on November 12, 1955, when it fell due. The contract (section 4) provides that if the purchaser defaults as stipulated, the seller may take immediate possession of the automobile without demand and resell it at public or private sale without demand for performance, with or without notice, with power of the seller to bid at any public sale. The expense for retaking, repairing and selling the same to be deducted from the price paid, and the balance to be applied to the amount due, with any surplus to be paid over to the purchaser in the transaction, and with the obligation of the purchaser to pay any balance of the debt, if any, after crediting the same on the debt.

■ The instrument in question is the form used by General Motors Acceptance Corporation in financing the transaction. We may add that, as indicated by other cases before this Court, it is in substance the form commonly used to finance such transactions. Such an instrument has been defined by this Court as a mortgage although the first part of it is in the form of a conditional sale. American Discount Co. v. Beck, 263 Ala. 470, 83 So.2d 232; Bern v. Rosen, 259 Ala. 292, 66 So.2d 711.

As a mortgage, the instrument must be in writing and subscribed by the mortgagor. Section 2, Title 20, Code. That means in substance that to that extent it is governed by principles similar to the statute of frauds.

■ The motion for a new trial contains six grounds. They may be divided into two parts, (1) that the verdict of the jury is contrary to the great preponderance of the evidence (variously expressed), and (2) that it is contrary to the law. Such general grounds present only the first as sufficient upon which the court is authorized to act. It does not reach questions of law. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L. R.2d 465; Roan v. McCaleb, 264 Ala. 31, 84 So.2d 358.

The matter argued by appellee to support the action of the court in granting the motion for a new trial must be considered in the light of its legality, and should be treated at the outset. It is in substance that plaintiff agreed to refinance in a certain way the "balloon note" when it became due.

■ The transaction had the form of a contract between the seller and defendant, transferred to plaintiff without recourse. But before the purchase was made plaintiff and defendant agreed that plaintiff would finance the deferred portion of the purchase price. So that plaintiff was in substance a lender of the money to defendant, secured by a transfer of the contract and notes, and was the real party in interest.

He stands in relation to defendant as a party to the contract which was in writing.

The court conducted the trial on the theory that a contract may be partly written and partly verbal at the time of its execution provided the oral part does not purport to change the terms of the written part; but that all discussion and negotiation are merged into the contract if it is reduced to writing: also that an unperformed contract (executory), though in writing, may be amended or changed by a subsequent oral agreement if founded on a valuable consideration (and it may be added, if it is not within the statute of frauds).

There is not much trouble, we think, with the broad statement of those principles which the court adopted. But much care must be taken in their application. There are also some further elements material for present purposes.

■ In order for a valid contract to be in part written and in part oral, the oral part must be independent and collateral to the written contract and not vary its written terms. Thompson Foundry & Machine Co. v. Glass, 136 Ala. 648(2), 22 So. 811; Morningstar v. Querens, 142 Ala. 186, 37 So. 825. Applying that principle in Stallings v. Savage, 206 Ala. 486, 90 So. 904, where the written contract for the purchase of an automobile contained a provision that it constituted the entire contract, it was held that the purchaser could not prove that the seller verbally agreed at the time of executing the contract to equip and repair the car. Paragraph 6 of the instant contract contains a similar clause.

■ Parol evidence that a date of maturity as unequivocally expressed in a note is not its true maturity, may not be admitted as that contradicts the terms of the note. Moore v. Williamson, 213 Ala. 274(5), 104 So. 645, 42 A.L.R. 981.

In the case of Ford v. Southern Motor Co., 208 Ala. 170, 93 So. 902, this Court approved an extract from 22 Corpus Juris 1095 (which is drafted in 32 C.J.S. Evidence § 1003, p. 988, note 76), as follows:

"That a note payable at a specified date, and either making no provision for extension or renewal or making definite provision therefor, may not be varied or contradicted by parol evidence of a prior or contemporaneous oral agreement respecting extension or renewal."

To the same effect are the cases of Doss v. Peterson, 82 Ala. 253, 2 So. 644, and Gliddens v. Harrison, 59 Ala. 481.

■ Therefore, it is not permissible to prove that the plaintiff, who was a party to the contract, agreed at or before its execution to "refinance" the "balloon note" by an extension of its due date or a renewal of it.

■ Although an instrument is not required to be in writing, an agreement subsequently made whereby one of the parties obligates himself in respect thereto must be supported by a consideration. Stallings v. Savage, supra; Moore v. Williamson, supra. A subsequent agreement may be made to extend the time of the payment of a note, but it must be based upon a valuable consideration. Cox v. Mobile & G. R. Co., 37 Ala. 320; David v. Malone, 48 Ala. 428; Scott v. Scruggs, 95 Ala. 383, 11 So. 215; Ray v. Summerlin, 211 Ala. 334, 100 So. 482; Malcomb v. Robinson, 230 Ala. 474, 161 So. 510.

The evidence offered here, and introduced over the objection of plaintiff, as to what occurred at or before the execution of the contract, was intended to vary the terms of the written agreement as to the date of payment of the "balloon note", thereby undertaking to show that when plaintiff brought this suit it had no right to the possession of the property because there was no default. But that evidence was as to what was said at or before the time of the execution of the contract and contradicts its terms. What occurred later as to refinancing the "bal-

loon note", although it was in the letter of November 4, 1955, is not a definite offer and contains no details of the contemplated refinancing. Moreover, its offer was not accepted by defendant, and the next day thereafter plaintiff wrote to defendant withdrawing such offer. But if the evidence was otherwise sufficient there was no consideration for a subsequent agreement to extend or refinance the "balloon note".

█ It is next insisted by appellee that the custom in the trade to refinance the "balloon note" is equal to an agreement read into the transaction that it will be done. In other words, such custom amounts to a promise made and recited in the contract that a default in the payment of that note is not such a default as to justify a recovery of the property, although under the terms of the contract it may be done. This contention loses sight of the rule that a custom cannot be operative if it is opposed to the express language of the contract. It may serve to clarify an ambiguity in a contract but cannot vary it. Kiley v. Pacific Mutual Life Ins. Co., 237 Ala. 253(4), 186 So. 559; Stephenson Brick Co. v. Bessemer Engineering & Construction Co., 224 Ala. 494(2), 140 So. 573; Benton Mercantile Co. v. Owensboro Wagon Co., 207 Ala. 49, 91 So. 784; Grand Bay Land Co. v. Simpson, 205 Ala. 347(5), 87 So. 186; Loval v. Wolf, 179 Ala. 505(12), 60 So. 298; Western Railway of Alabama v. Hart, 160 Ala. 599(11-12), 49 So. 371; 25 C.J.S. Customs and Usages § 30, p. 118; 7-A Alabama Digest, Customs and Usages, ☞17, page 16.

█ The contract here in question is clear and unambiguous and states in effect that it expresses the entire contract. The custom or use relied on is contradictory of the contract and does not serve to clarify an ambiguity.

Appellee also insists that the judgment was properly set aside because it did not ascertain the amount of the mortgage debt as authorized by section 929, Title 7, Code.

█ The plea was the general issue in short by consent with leave to give in evidence any matter which would be admissible in defense as if well pleaded. The case of Burgin v. Stewart, 216 Ala. 663, 114 So. 182, seems to recognize the fact that such pleading is sufficient to invoke the benefit of that statute (section 929). But the record in this case shows no effort to do so. The judge did not mention it in his general charge. There was no special charge requested seeking such finding. The motion for a new trial does not refer to it. It is not therefore sufficient to justify the ruling of the court on the motion.

It results that the judgment of the lower court should be reversed and one should be here rendered denying the motion for a new trial.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and rendered.

All the Justices concur, except STAKELY, J., not sitting.