165 So.2d 103

**John WEBB, d/b/a Wilcox Tractor Company,**

v.

**Jane S. DICKSON, d/b/a South Alabama Pole and Piling Company.**

1 Div. 169.

Supreme Court of Alabama.

May 28, 1964.

L. Y. Sadler, Jr., Camden, for appellant.

John M. Coxwell, Monroeville, for appellee.

PER CURIAM.

Plaintiff-appellee filed suit in the circuit court of Monroe County against defendant-appellant, with one count in trespass and another in trover, to recover damages arising

from the repossession by defendant of a tractor which defendant had sold plaintiff. The jury returned a verdict for plaintiff in the sum of $3,000.00. From a judgment entered therefor, defendant appeals.

It appears from the undisputed evidence that part of the consideration was to be financed over a period of twenty-four months in monthly installments, each maturing as hereinafter appears.

Plaintiff executed and delivered to defendant-vendor (admittedly acting through her agent) a written instrument in form used by Commercial Credit Equipment Corporation in financing the transaction. We may add that, as indicated by other cases before this Court, it is, in substance, the form commonly used to finance such transactions. Such an instrument, as here, has been defined by this court as a mortgage, although part in the form of a conditional sales contract. American Discount Co. v. Beck, 263 Ala. 470, 83 So.2d 232; Bern v. Rosen, 259 Ala. 292, 66 So.2d 711.

It appears in evidence that plaintiff signed an agreement as follows:

"Buyer promises to pay to the order of seller the deferred time balance as shown in above schedule of payments, or in 24 equal installments of $134.85 each, except the final installment which is to be the amount then due, beginning 5–15 1961 and on the same day of each succeeding month until paid. After maturing all installments draw interest at the highest legal rate. Buyer acknowledges receipt of an executed copy of this agreement. Executed in quadruplicate the day and year first above written." Date above 4–21–61.

As a part of the contract executed by plaintiff there appears as follows:

"Buyer agrees: That title to said property (the tractor) shall not pass to buyer until all the sums due under this contract are fully paid in cash. * * * Time is the essence of this contract; if buyer defaults in complying with any

of the terms or conditions hereof, or seller deems himself insecure or the property in danger of misuse or confiscation * * * the full amount then unpaid shall become immediately due and payable without notice, and seller or his assignee or its agent or any sheriff or other officer of the law may either * * * 2. Take possession of said property, with or without process of law, and for this purpose may enter any premises where said property may be found and remove same, and sell said property either at public or private sale with or without notice to buyer * * * and any deficiency shall be paid by the buyer, including reasonable attorney's fee and court costs incurred in the recovery of such deficiency."

Transfer and assignment of the above instrument was, on April 24, 1961, made by the vendor to Commercial Credit Equipment Corporation, and, by that company, in writing, reassigned to defendant on November 24, 1961

It further appears from the evidence without dispute that plaintiff became delinquent in payment of the installments due respectively on October 15 and November 15, 1961, concerning which the Finance Company wrote plaintiff on November 22, 1961, as follows:

"Dear Mrs. Dickson:

"Your October 15th and November 15th installments on your Fordson Super Major tractor are past due. When our representative, Mr. Dorrill, called upon you on October 4, you assured him that you would pay your October 15th installment no later than November 1st.

"We have not received your check for October 15th installment and your November 15th installment is also past due. You leave us no alternative but to ask you to immediately forward your check for $270.20 to bring your account current or we will take whatever

action necessary to protect our investment.

"We shall look forward to hearing from you within the next five days and our action will impend your reply."

Plaintiff testified that on November 25, 1961, she mailed a check dated November 27, 1961, in an amount of $270.20 to cover these delinquent installments.

On that same date, November 25th, defendant testified that he repossessed the tractor. The instrument had been assigned and transferred to him on the preceding day. Therefore, it appears when the check was mailed, according to plaintiff's testimony, on November 25th, the Commercial Finance Investment Corporation, was not the owner of the contract, and was without authority to receive the payment. Later, after the tractor was repossessed, the Finance Company, on December 4th, returned the check to plaintiff.

■ We held in Ison Finance Company v. Glasgow, 266 Ala. 391, 96 So.2d 737 (7), that a subsequent agreement may be made to extend the time of payment of a note, but it must be based on a valuable consideration. Citing Cox v. Mobile & G. R. Co., 37 Ala. 320; David v. Malone, 48 Ala. 428; Scott v. Scruggs, 95 Ala. 383, 11 So. 215; Ray v. Summerlin, 211 Ala. 334, 100 So. 482; Malcomb v. Robinson, 230 Ala. 474, 161 So. 510. Under this rule, the agreement or offer on the part of the Commercial Credit Equipment Corporation to extend payment for five days was without force or binding effect because consideration therefor was absent. Mailing of the check on November 25, 1961, after the Finance Company had parted with title to or ownership of the contract by assignment to defendant did not constitute payment or tender of payment to the then owner of the contract. Therefore, when defendant repossessed the tractor on November 25, 1961, the payments as evidenced by the note were in default.

■ The law is well settled that the owner of personal property may recapture and take into his possession whenever or wherever found, but in taking possession of his own property he must commit no trespass, violence, force, or breach of the peace. In other words unlawful force forms the essential element of trespass. Stowers Furniture Company v. Brake, 158 Ala. 639, 48 So. 89(6) (7); McGill v. Holman, 208 Ala. 9, 93 So. 848(1), 31 A.L.R. 941; McWaters v. Gardner, 37 Ala.App. 418, 69 So.2d 724 (2).

■ In this connection, it should be noted that force may be either express or implied. That is to say that the term "force" as applied to a trespass to personal property does not necessarily mean actual physical force, but it may mean constructive force. Crews & Green v. Parker, 192 Ala. 383, 68 So. 287(7); McWaters v. Gardner, 37 Ala. App. 418, 69 So.2d 724(3), supra.

■ In the case at bar, appellant took possession of the tractor without the knowledge or consent of appellee, and out of her presence. This fact alone was not the equivalent of taking by constructive force. McWaters v. Gardner, 37 Ala.App. 418, 69 So.2d 724(4), supra; Street v. Sinclair, 71 Ala. 110(1); Burns v. Campbell, 71 Ala. 271(1).

We are impressed from the evidence that the act of the defendant in repossessing the tractor comported with law and his authority under the contract; that there was no evidence upon which the jury could base a verdict for plaintiff on Count 1 of the complaint.

■ To constitute a conversion there must be a wrongful taking, or a wrongful detention, or an illegal assumption of ownership, or an illegal user or misuser. Consolidated Graphite Corporation v. Kelly, 227 Ala. 516, 150 So. 682(7).

■ Defendant, in the case at bar, exercised a lawful right provided by the terms of the contract when he repossessed the tractor, and was not guilty of any wrongful taking, wrongful detention, or an illegal

assumption of ownership; there was no evidence to support a verdict for plaintiff under Count 2 of the complaint.

We conclude that the trial judge committed reversible error in refusing defendant's request for affirmative instructions with hypothesis directed to the jury that they return a verdict for the defendant.

It is ordered that the judgment be reversed and the cause remanded.

. The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN, COLEMAN and HARWOOD, JJ., concur.