I agree with the majority that the evidence concerning the manner in which agents of Big Three Motors Company pulled Mrs. Rutherford off the highway and escorted her to the car dealer's office was sufficient to show a breach of the peace under Code 1975, § 7-9-503. I write to point out that any oral offer by Mr. Wally to extend the time of payment would not be enforceable for two reasons.
First, an agreement to extend the time of payment of a previously due obligation must be based itself on adequate consideration. Webb v. Dickson, 276 Ala. 553, 165 So.2d 103
(1964). It is my view that any such agreement to extend the time of payment was without force or binding effect because of lack of consideration. Second, according to the terms of the security agreement, any oral agreement by Mr. Wally could not alter the terms of the contract. A security agreement is effective according *Page 489 
to its terms. Code 1975, § 7-9-201; Waters v. Union Bank ofRepton, 370 So.2d 957 (Ala. 1979). In Hale v. Ford Motor CreditCo., 374 So.2d 849 (Ala. 1979), we held that the creditor's acceptance of late payments could not raise an estoppel against the contractual interest of the creditor under the express terms of a security agreement such as we have in the present case. See, McAllister v. Langford Investigators, Inc.,380 So.2d 299 (Ala.Civ.App. 1980). There was no modification of the express agreement, and the secured party, upon default, had the right to take possession of the collateral, although it was obligated to accomplish repossession in a manner which would not be likely to result in a breach of the peace. Code 1975, § 7-9-503.