72 So.2d 67

**ISON et al. v. SANDERS.**

**3 Div. 668.**

Supreme Court of Alabama.

April 15, 1954.

Drayton N. Hamilton and Jos. J. Levin, Montgomery, for appellants.

Luther Ingalls, Montgomery, for appellee.

MERRILL, Justice.

The appellants, plaintiffs below, were a partnership doing business as Commercial Banking Company and among other things made loans on automobiles. Appellee was a used car dealer in Montgomery. Appellants' suit was in counts of detinue and trover to which appellee pleaded in short by consent, relying on the general issue and claiming to be a bona fide purchaser without notice. The jury found in favor of the defendant and after a motion for a new trial was overruled, plaintiffs appealed to this court.

The question in the case as presented to us is whether the defendant Sanders was entitled to the protection afforded a bona fide purchaser of personal property without notice by § 123, Title 47, Code of 1940.

The tendencies of the evidence were that one Dan Carpenter was a used car dealer in Montgomery. He had an understanding with plaintiffs whereby they would "floor plan" automobiles on his lot. They would lend him money on his note and a chattel mortgage on an automobile, but would not record the mortgage. When he sold the automobile, he would pay off the mortgage and recommend plaintiffs to the purchaser

as a good finance company with which to deal.

In the matter of the automobile in question, Carpenter had given plaintiffs a mortgage on it for $1,280, which was not recorded. Carpenter later sold it to defendant Sanders, who also dealt in used cars, for $1,575, concededly a fair price for it between dealers. Sanders knew that Carpenter "floor planned" his cars but did not know with whom he did his financing. Sanders had previously purchased eight or ten automobiles from Carpenter and he had always made his check to Carpenter in payment for the automobiles.

On the day of the transaction here involved, Carpenter drove the automobile to Sanders' lot around eleven o'clock in the morning. They agreed on the price of $1,575 and Sanders gave Carpenter his check for that amount and took the automobile. Sanders then drove Carpenter back to Carpenter's lot. He testified that just before they reached the lot that Carpenter said, "The reason I sold this car, because I had to pay $700 back income taxes. Dave Rainey (plaintiffs' manager) had $700 floor plan on it and that will leave me $175." Sanders testified that this was the first notice of any kind that he had of any claim of anyone other than Carpenter to the automobile. He did not request the return of his check, or further mention the transaction at that time. About five o'clock that afternoon Mr. Rainey called Sanders, asking if Carpenter had sold him the automobile. When Sanders said he had purchased it, Rainey requested Sanders to try to stop payment on the check because Carpenter had left town without paying the "floor plan" on the automobile. Sanders rode around over the city looking for Carpenter and attempted to stop payment on his check but was told by a teller at the bank that Carpenter had cashed the check that day before the bank closed.

The evidence is without dispute that the general custom in Montgomery at that time as to the sale of automobiles that are "floor planned" was "when the automobile is sold the dealer comes in, pays off the mortgage and we refinance it for the purchaser. And if the automobile is sold and it is not refinanced, the dealer comes in and pays off the mortgage in a day or two, and that is the end of the transaction," and that it was not the custom for the dealer to come and get permission from the lien holder before he sold the automobile.

The trial court charged the jury that if the defendant had notice, either actual or constructive, then he was not a bona fide purchaser for value, and he left it for the jury to decide whether or not Sanders was such a purchaser. This was proper under the evidence. Hickey v. McDonald Brothers, 160 Ala. 300, 48 So. 1031.

The motion for a new trial was properly overruled.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.